### 9901. PHILLIPS v. STAPLETON, solicitor.

JENKINS, J. A proceeding to condemn an automobile used on a public road or private way of this State in conveying liquors or beverages, the sale or possession of which is prohibited by law (Ga. L. 1917, Ex. Sess., p. 16, sec. 20), is summary in its nature, and the provisions of the statute as to this proceeding must be strictly complied with. *Porter* v. *Lively* 45 *Ga.* 159, 161; *Dart* v. *Mayhew,* 60 *Ga.* 104, 105; *Mabry* v. *Judkins,* 66 *Ga.* 732; *Hinton* v. *Goode,* 73 *Ga.* 233; *Parks* v. *Simpson,* 124 *Ga.* 524 (52 S. E. 616). Under the provisions of the act, it is the duty of the sheriff or other arresting officer seizing the vehicle to report such fact to the solicitor of the county, city, or superior court where the seizure is made, "whose duty it shall be within ten days from the time he received said notice to institute condemnation proceedings," etc. Under the provisions of the act, such a proceeding is barred where commenced more than ten days subsequent to the date of such notice. That the delay in instituting the proceedings in this case was occasioned by the fact that the sheriff, without the knowledge or consent of the defendant, had entrusted the car, while in his possession under such seizure, to another, who, without the connivance of the defendant, took it away and failed to return it, would make no difference in the application of this rule.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 16, 1919.

Confiscation; from city court of Miller county—Judge Geer. June 10, 1918.

*P. D. Rich,* for plaintiff in error.

*N. L. Stapleton,* solicitor, contra.