## 20615. OBERLAIN v. STATE OF GEORGIA.

STEPHENS, J. 1. It is essential to the validity of a judgment of condemnation of a vehicle, upon the ground of its having been engaged in conveying prohibited liquors, that the condemnation proceedings be instituted by the solicitor of the court within ten days after the report of the seizure of the vehicle to him by the officer who seized it. Ga. L. Ex. Ses. 1917, p. 7, sec. 20; *Phillips* v. *Stapleton*, 23 *Ga. App.* 303 (97 S. E. 885). On the trial under condemnation proceedings, evidence that the vehicle, which was an automobile, was seized on October 22, 1929, and that the report of the seizure to the solicitor of the court was made "several days afterwards," was insufficient to establish ·the institution of the condemnation proceedings (which were had November 26, 1929) within ten days from the receipt by the solicitor of notice of the seizure of the automobile.

2. Knowledge by the owner of an automobile that it had been engaged in conveying prohibited liquor is not established by evidence that the owner, who was not in the vehicle at the time, had for the purpose of making a trip, loaned it to the person operating it, that the operator was known to the officers as a liquor runner and as a person who hangs around "where a crowd of bootleggers hang out," that the owner of the automobile, who was a woman, was of "bad reputation" and was reputed to be engaged in the "liquor business," and had been in that business for four or five years, and had no business except living around with "these liquor men," that on another occasion and in another part of the State officers had searched an automobile belonging to her and had found no liquor in it, but only "a liquor smell," that her house had been searched, and at the time of the search she in effect admitted that "liquor comes in the backyard." Such evidence is insufficient to establish knowledge by the owner that the automobile was engaged in conveying liquor.

3. The issue being whether or not the automobile was engaged in conveying intoxicating liquors along a public highway with the knowledge and consent of the owner, the defendant, who was not present at the time, evidence that the owner had the reputation of being engaged in the liquor business and had been so engaged "for the last four or five years," and had no business "except living around with these liquor men," was competent and relevant to the issue made, and as tending to show the probability of such knowledge by the owner. *McClure* v. *State Banking Co.*, 6 *Ga. App.* 303 (65 S. E. 33); Civil Code (1910), § 5745. This evidence was properly admitted.

4. Evidence that the defendant's house had at one time been searched for liquor, although it does not appear that any was found, was irrelevant and incompetent to illustrate the issue, either as tending to show the probability of knowledge by the defendant, as the owner of the automobile, that the automobile was being used for the purpose of conveying liquor, or otherwise. This evidence was prejudicial to the defendant and its admission was error.

5. Testimony that the person operating the automobile was a person who "runs liquor" was irrelevant and incompetent to illustrate the issue,

in the absence of evidence tending to show that the defendant had any knowledge of this fact.

6. The court erred in admitting testimony as indicated, and the verdict and judgment for the plaintiff were unsupported by the evidence and were contrary to law.

7. The above rulings being controlling, it is unnecessary to pass upon the other assignments of error.

8. The court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 20, 1931.

*Hammond & Kennedy,* for plaintiff in error.
*W. Inman Curry, solicitor,* contra.