28661. BATCHELOR *v.* ANGLIN *et al.*

DECIDED FEBRUARY 7, 1941.

*Roberts & Roberts,* for plaintiff in error. *J. C. Knox,* contra.

FELTON, J. R. H. Anglin and others sued J. B. Batchelor for the negligent homicide of their father. The allegations of negligence in the petition were that Joe Batchelor, the son of the defendant, was grossly negligent in the operation of the car at the time of the injury, "in that he was driving the same at a high and dangerous rate of speed, without regard to the safety of pedestrians and others on said highway and in close proximity thereto, and negligently drove defendant's car on and upon the said car of · . ΄. by driving the same on the left-hand side of the highway, or attempting to do so." The evidence was conflicting as to, which side of the road the car was on at the time of the accident, but the evidence demanded the finding that the car of the defendant was traveling at a rate of speed in excess of forty miles per hour, the son of the defendant, who was the driver of the car, testifying that he was driving not more than forty-five miles per hour. The jury found a verdict for the plaintiff and the defendant excepted to the overruling of his motion for new trial.

1. The plaintiff in error abandons the general grounds of his motion for new trial, and insists on the special grounds of his amended motion, the first of which complains of the following charge of the court: "Now, gentlemen, the legislature of Georgia has passed certain laws with reference to the operation of motor vehicles on our highways, and any violation of these laws is negligence per se, is negligence as a matter of law, and I will read you the laws which are applicable in this case—the motor-vehicle laws. The law says no person shall operate a motor vehicle upon any public street or highway at a speed greater than is safe and reasonable having due regard for the width, grade, character, traffic, and common use of such street or highway, or so as to endanger life or limb or property in any respect whatsoever, but said speed shall not exceed that tabulated below; and below is tabulated the speed of automobiles with pneumatic tires, weight less than 10,000 pounds

forty miles per hour. That was the law which was in force at the time this occurrence happened."

It is admitted by counsel for the parties that the law in force at the time of the accident with reference to the speed of motor vehicles provided that the speed limit for such vehicles should be fifty-five miles per hour, rather than the forty-mile per hour limit as charged by the court. . It is contended by the defendant in error that even though the court charged the wrong law to the jury, such charge was harmless because of the fact that the petition did not charge negligence per se, and that since the petition did not charge negligence per se that charge was not authorized by the pleadings, and for the further reasons that the court later gave in charge the principle that the plaintiff could only recover on one or more of the allegations of negligence charged in the petition and no other, and that the plaintiff sought recovery for the negligence of the defendant in driving on the wrong side of the road.

We are unable to agree with this contention. In order for the plaintiff to recover it is not necessary that he allege in his petition that the defendant has been guilty of negligence per se. It is sufficient that he make a general allegation of negligence. "We know of no distinction recognized by law whereby the plaintiff's right to recover is affected in a greater or less degree according to whether negligence on his part follows as a matter of law from a fact proved. or whether the question of negligence as well as the fact itself is a matter to be determined by the jury. The difference between negligence per se and other negligence is in the mode of establishing negligence. In the one case the law itself establishes negligence when a certain act or omission is proved, while ordinarily the question whether a proved fact constitutes negligence is left to the determination of a jury. Whether negligence be established in the one mode or the other makes no difference in its legal effect when established." *Central of Georgia Railway Co.* v. *Larsen,* 19 *Ga. App.* 413, 419 (91 S. E. 517). This being true, it was sufficient for the plaintiff to allege that the defendant was negligent in the particulars charged, and if the evidence developed that the defendant had committed some act or made some omission which in the eyes of the law was negligence, then the matter of determining whether or not such act or omission constituted negligence was taken from the province of the jury. Under the pleadings in this

case it was the duty of the judge to charge correctly the law governing the speed of motor vehicles, and since the evidence did not develop the fact that the speed of the automobile was in excess of that allowed by law, it became a matter for the jury to say whether the speed at which the automobile was driven in the circumstances was in fact negligence. The charge given authorized the jury to find that since the evidence showed a speed in excess of forty miles per hour the defendant was guilty of negligence as a matter of law, and that no more proof of negligence was necessary in order for the plaintiff to recover. This took from the jury the right to determine whether under the circumstances shown the speed at which the automobile was driven was negligence, and was harmful and prejudicial to the defendant, and was such error as will require a new trial.

2. There is no merit in the second ground of the amended motion. *Judgment reversed.* *Stephens, P. J., and Sutton, J., concur.*