37635.  SMITH *v.* THE MORNING NEWS, INC.

Decided May 5, 1959—Rehearing denied May 15, 1959.

*Alton D. Kitchings,* for plaintiff in error.
*John E. Simpson, Hitch, Miller & Beckmann,* contra.

CARLISLE, Judge. ■ One of the medical witnesses for the plaintiff, Dr. Frank Hardeman, Jr., while on the stand and testifying, sought to refer to certain X-rays of the plaintiff's arm (the injured member for which she sued) in order to refresh his recollection as to the nature and extent of her injury. Counsel for the defendant objected to the doctor's referring to and testifying from the X-rays on the ground that he was not the one who took the pictures and that he did not treat the plaintiff for the particular break and, therefore, was not competent to testify from the X-rays. The trial judge sustained this objection and prevented the witness from referring to the X-ray pictures, and this ruling is complained of in the second special ground of the motion for a new trial. This witness had already testified that he was familiar with the condition of the plaintiff's arm, both before and after her injury, but that he took no part in the reduction and treatment of the fracture to her elbow. The judge in the ruling complained of restricted the witness' testimony to the plaintiff's condition immediately after the injury, and this ruling severely restricted the plaintiff in adducing testimony in proof of a material fact upon which her case rested and to this end was probably hurtful to her.

"The object of all legal investigation is the discovery of truth. The rules of evidence are framed with a view to this prominent end, seeking always for pure sources and the highest evidence." Code § 38-101. Evidence must relate to the question being tried by the jury and bear upon it either directly or indirectly (Code § 38-201), and where there is doubt as to the admissibility of evidence that doubt should be resolved in favor of its admissibility and its weight and effect left for the determination of the jury (*Heard* v. *State*, 79 *Ga. App.* 601 (2), 54 S. E. 2d 495), and where the admissibility of evidence is doubtful the burden is on the objecting party to show wherein it is inadmissible. *Carter* v. *Marble Products, Inc.*, 179 *Ga.* 122, 128 (175 S. E. 480). While the rules stated are directly applicable to the admission and exclusion of evidence, and while the question before us relates to a restriction placed upon a witness in refreshing his memory while on the witness stand, the principles enunciated are none the less applicable to this question, and where applied

to the objection made by counsel for the defendant to testimony of the doctor and to his refreshing his recollection by referring to the X-ray pictures, the rules of law demonstrate that no real valid objection to such testimony was interposed.

"A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally shall speak from his recollection thus refreshed, or shall be willing to swear positively from the paper." Code § 38-1707. If the writing, instrument, document, or other thing from which the witness refreshes his recollection was made in his presence or at his direction and if he knows that it contains true and correct information and is willing to swear positively to that effect, it is immaterial that he did not personally make the thing from which he testified. *Harris* v. *State*, 191 *Ga.* 243, 256 (12 S. E. 2d 64).

While the court restricted the testimony of the doctor so that the exact circumstances under which the X-ray pictures were made is not clearly shown by the evidence, there is enough shown by the record to clearly indicate that the doctor was present when the plaintiff was brought into the hospital immediately after her injury, was present when the pictures were taken and developed, examined them immediately after they were taken and ascertained therefrom that the nature of the plaintiff's injury was such that it was necessary to refer her to a specialist, an orthopedic surgeon. No question is presented by the objection and ruling thereon as to the proper identification of the X-ray photographs themselves nor as to their admissibility in evidence. Under the circumstances, it would have been better to have permitted the witness to refresh his recollection by referring to the X-ray pictures and to permit him to testify as to his recollection and to thereafter have permitted counsel for the defendant by cross-examination to ascertain the witness' competency to interpret the X-rays, and whether the witness in so testifying was in fact testifying from his own recollection as refreshed by the pictures or whether his testimony given under these circumstances was based on the credibility of someone else and was, therefore, in the nature of hearsay. The refusal of the court to allow the witness to refresh his memory under the circumstances shown was probably harmful error and requires a reversal of the case.

■ "The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him. . ." Code § 38-1705. This right was abridged by the court as to the plaintiff in this case with respect to the witness, Louis Woods, under the circumstances as shown by special ground 4 of the motion for a new trial. Counsel for the plaintiff had the witness on cross-examination when the following transpired:

"Q. What I am trying to establish, sir, this substation is just another division of the business establishment known as the Savannah Morning News; they have this as a substation?"

Judge McWhorter: "Don't lead the witness."

Mr. Kitchings: "Your Honor, I have him on cross-examination."

Judge McWhorter: "That doesn't make any difference. You haven't any right to lead him. He's not an ignorant witness; he is an intelligent man."

This witness had just testified on direct examination with respect to the contractual arrangements had by the defendant with its newspaper carriers, it being the defendant's contention that such carriers were independent contractors and that they were the persons responsible if any wire was upon the street. Counsel for the plaintiff had the right to go into the facts as they existed at the defendant's newspaper substation and to show that the substation was operated by and was under the control of the defendant and that the defendant was, in fact, responsible for the wire being upon the street. The question objected to and the manner of questioning were designed to elicit from the witness information as to the true facts of the situation, and it was not, as considered by the trial court, a leading question. Even if it be considered a leading question, nothing in the conduct of the witness, or other reason appeared in this case why in the interest of justice (Code § 38-1706), the right of the plaintiff to cross-examine the defendant's witness should be so restricted. The court erred in overruling special ground 4 of the motion.

■ The trial court did not err in refusing to permit the plaintiff to show the practice and habit of the defendant in permitting or allowing its newspaper bailing wire to remain upon the public street and sidewalk in front of its business establishment at times

subsequent to the injury complained of. The general rule is that in a suit based on the negligence of the defendant, evidence of similar acts or omissions on the part of the defendant on other and different occasions is not admissible. *Bazemore* v. *Powell,* 54 *Ga. App.* 444, 445 (188 S. E. 282).

The trial court did not err in admitting in evidence the contract entered into between the defendant and its carriers, over the objection of the plaintiff that the contract was irrelevant, as complained of in special ground 3 of the motion. The defendant contended, as stated above, that the carriers were independent contractors and that they were responsible for the presence of the wire on the street at the time the plaintiff was injured. This contract was relevant for the purpose of proving the defendant's contention as to its relation with its carriers. Neither did the court err in admitting in evidence photographs of the defendant's business establishment taken over a year after the injury complained of occurred.

The remaining special ground of the motion for a new trial, which is argued and insisted upon and which complains of the direction of the verdict for the defendant, and the general grounds are not passed upon at this time.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*