40700. COX v. CROW.

DECIDED MAY 28, 1964.

After a verdict for the defendant in a negligence action for the death of her husband the plaintiff assigns error on the overruling of special grounds of her motion for new trial complaining of the admission of evidence, the exclusion of evidence, and instructions by the court to the jury.

*Johnson, Meyerson & Montet, Herbert Johnson, Henry M. Hatcher,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.,* contra.

HALL, Judge. 1. Ground 7 complains of the court's instructions that if the jury should find that the decedent violated any of the statutes read to them, such violation would be negligence per se and, if the proximate cause of the decedent's injuries, would bar recovery by the plaintiff. The statutes read to the jury prohibit driving at a speed unreasonable under all the circumstances (*Code Ann.* § 68-1626); prohibit driving of trucks

and load weighing less than 10,000 pounds over 55 miles per hour, driving of trucks and load weighing 10,000 to 16,000 pounds over 50 miles per hour, and driving of trucks and load weighing over 16,000 pounds over 45 miles per hour (*Code Ann.* § 68-1626); driving and passing on the left side of the road when unsafe (*Code Ann.* §§ 68-1637 and 68-1640). There was no evidence of the weight of the truck driven by the decedent. We therefore will assume its weight was less than 10,000 pounds and the decedent was prohibited by *Code Ann.* § 68-1626 from driving over 55 miles per hour. Two witnesses testified (over objections discussed in Division 2) that the decedent before reaching the place of the collision had driven roughly above 50 miles per hour, but they could not tell exactly and declined to estimate how much in excess of 50 miles per hour the decedent had driven. Another witness testified that he, followed by the decedent, was driving a truck, traveling toward Lithonia, around 60 miles per hour; that when he was coming up a hill at about this same speed the decedent tried to pass him "and he wouldn't pass on the yellow line and he fell back behind and then tried again and I seen his left front fender come out on the side of the truck." This witness was asked, "When you noticed the [defendant's truck] . . . coming toward you, did you notice where the green truck that was behind you was?" He answered, "Well, I didn't notice anything; I glanced in my mirror and I seen his left front fender [across the center line "fixing to pass"] and that was all I seen; I didn't know what was happening; . . . I didn't know what went with the other truck." During cross examination this witness testified, "I can't say how fast he was running. . ." This witness' testimony does not show the distance from the collision where he was traveling 60 miles per hour and the decedent tried to pass him, and does not show the witness' speed or the decedent's speed at the time and place where the collision occurred. Thus there was no evidence that the decedent committed negligence per se in exceeding the statutory speed limit at any place where it could have been the proximate cause of the collision. The testimony as to any speeding or other negligence by the decedent is vague. Much of the evidence by the witnesses who testified at the trial and

that offered for impeachment is conflicting and contradictory. The trial court's instruction to the jury that the plaintiff's recovery would be barred if the decedent violated the statute prescribing the speed limit for trucks and this was the proximate cause of his injuries, was not authorized by the evidence and was reversible error. *Western &c. R. Co. v. Branan*, 123 Ga. 692 (51 SE 650); *Batchelor v. Anglin*, 64 Ga. App. 342 (13 SE2d 110; *Sweet v. Awtry*, 70 Ga. App. 334, 345 (28 SE2d 154); *Morgan v. Brown*, 71 Ga. App. 401 (31 SE2d 208); *Jackson v. Camp &c. Produce Co.*, 92 Ga. App. 359, 362 (88 SE2d 540); *Gleason v. Rhodes Center Pharmacy, Inc.*, 94 Ga. App. 439, 441 (95 SE2d 293); *Parks v. Fuller*, 100 Ga. App. 463, 468 (111 SE2d 755). Accord *Atlantic C. L. R. Co. v. Baker*, 32 Ga. App. 513 (123 SE 909).

The holding in *Hertz Driv-Ur-Self Stations v. Benson*, 83 Ga. App. 866, 877 (65 SE2d 191), that evidence that a defendant was driving "about 50 or 55" miles per hour, together with other facts and circumstances *relating to the collision in question* authorized the charge that operation of a vehicle in excess of 55 miles per hour was negligence per se, is not controlling in this case.

2. Ground 5 complains of the admission of testimony that the decedent was driving over 50 miles per hour between one and two miles from the scene of the collision. In *Lovejoy v. Tidwell*, 212 Ga. 750 (95 SE2d 784), it was held that testimony of excessive speed upon the highway shortly prior to the collision might be a fact that, if believed by the jury, would tend to support the defendant's testimony of excessive speed by the plaintiff at the time of the collision. However, since this case will be reversed on another ground and the evidence on another trial may not be the same, we will not decide whether the *Lovejoy* case makes the evidence complained of in the present case admissible when there was no evidence of the decedent's speed at the time of the collision. Nor for the same reason is it necessary to pass on ground 4, complaining of the admission of testimony that the decedent was driving above 50 miles per hour at some indefinite distance from where the collision occurred.

3. It is questionable that the court's instruction complained of in ground 6 was supported by any evidence showing that the

decedent by the exercise of ordinary care could have avoided the consequences of any negligence of the defendant when it was apparent or should have been apparent to a reasonably prudent man in the decedent's position. However, since on another trial the evidence may not be the same, we do not pass on this ground. And, since the alleged errors complained of in grounds 8, 9 and 10 are not likely to occur on another trial, it is not necessary to pass on these grounds.

*Judgment reversed for the reason stated in Division 1. Nichols, P. J., and Russell, J., concur.*