## 40974. COTTON STATES MUTUAL INSURANCE COMPANY v. DAVIS.

RUSSELL, Judge. 1. Prior to this action by the insured on a policy issued by the defendant insuring the plaintiff's automobile against physical damage, there occurred a long drawn out series of negotiations between the parties as to the amount of damage which had been done to the automobile as a result of rocks and gravel being thrown against it. At one point the insured complained to the Insurance Commissioner, and it was agreed between the parties that the plaintiff and Sorrells, claims adjuster for the defendant, would meet with a representative from the office of the Commissioner and the defendant would replace any parts designated by the Commissioner's representative; the plaintiff, however, refused to accept the determination made by the Deputy Commissioner. In reply to a question on cross examination as to whether Sorrells had agreed for the defendant to replace any parts so designated the plaintiff replied, "That's right." and then volunteered, "I thought that I would have a fair square shake at it, and I got over there and those two people . . . I feel that they are—have a connection there some way, I may be dead wrong. I may be making an assumption there that I don't know about, but I know that they got together and they cut me down." This statement was objected to as a conclusion and the objection overruled. The answer was not responsive to the question and in effect charged a coercive agreement between the insurance adjuster and a State employee to give the defendant less than he was entitled to, without stating any facts on which this opinion was based. It was prejudicial to the defendant, and was a conclusion by the plaintiff's own admission. "The facts and circumstances attending . . . should have been stated, so that the jury could reach their own conclusion as to whether or not any fraud or deception was used. . ." *Roberts v. Moore*, 136 Ga. 790 (4) (72 SE 239). The court erred in not excluding the statement.

2. The court charged that the plaintiff contended that the defendant's refusal to pay the amount of damage, and its offer to pay less than one third of the damage, amounted to bad faith, that if the jury should find the insurance company refused to pay and that such refusal was in bad faith it would

be authorized to return a verdict for penalty and attorney fees, and that it was incumbent on the plaintiff to introduce evidence showing bad faith. He then added: "I charge you further .that evidence that the insurer offered the insured less than half of the amount of his claim authorized a finding that the insurer had made an offer of settlement amounting to a refusal to pay." This sentence is taken from *Government Employees Ins. Co. v. Hardin,* 108 Ga. App. 230 (2a) (132 SE2d 513) where this court stated that a finding of such facts by the jury would be tantamount to finding there was a refusal to pay which would constitute a waiver of proof of loss. In the present case there was evidence that the claim was worth $484.83 and the defendant offered to pay $143. There was also evidence that the defendant offered to pay $350 which was refused by the plaintiff, that the plaintiff later offered to accept $350 and the defendant agreed on the condition that it keep possession of a windshield which was to be replaced, but the plaintiff insisted on keeping the old windshield. The verdict was for $350. In the *Hardin* case this court was discussing evidence in the light of a prior finding of fact. In this case the flat statement of the court that such evidence *authorized* a finding there had been a refusal to pay, without regard to whether or not it was believed by the jury (and it appears from the verdict that the jury found the claim to be excessive) amounted to an expression of opinion by the judge as to what had been proved in the case in contravention of *Code* § 81-1104. If the claim were worth no more than $350 and the defendant was willing to pay this amount then a refusal to pay $484.83 would not be a refusal to pay on which bad faith might be predicated. This instruction was error.

3. Since there was testimony which, had it been accepted by the jury as the amount of the damage sustained, would have authorized a finding that there was an unfounded refusal to pay, there was no error in the charge relating to the recovery of penalty and attorney fees under *Code Ann.* § 56-1206. Whether or not the defendant's offer to pay $350 on condition that it retain the damaged windshield, the value of which is not shown, is so close to the verdict actually rendered as to eliminate bad faith need not be decided here, since on another trial the verdict may be for a different amount. In any event, the value of the replaced

glass should appear with more certainty if it is relied upon by either party as a factor in determining the amount of the offer actually made by the defendant.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed.  Nichols, P. J., and Hall, J., concur.*

DECIDED NOVEMBER 5, 1964.

*Merritt & Pruitt, Glyndon C. Pruitt,* for plaintiff in error.
*Owens & Porter, Wm. J. Porter, Jr.,* contra.