41960. MYERS v. JOHNSON.

Argued April 4, 1966—Decided April 20, 1966—
Rehearing denied May 11, 1966—

Haas, Dunaway, Shelfer & Haas, John A. Dunaway, for appellant.

Harmon & Thackston, Nolan B. Harmon, Thomas B. Branch, III, for appellee.

JORDAN, Judge. This was a malpractice action brought by Mrs. Lorelle J. Johnson against Dr. Martin T. Myers, an orthopedic surgeon. Briefly stated, the plaintiff's amended petition alleged that in June, 1958, the defendant commenced treatment of the plaintiff for a torn cartilage in her left knee; that on the advice of the defendant the plaintiff entered St. Joseph's Infirmary on August 29, 1958, where the defendant operated to remove the torn cartilage from her knee; that subsequent to this operation and on or about September 2, 1958, and for approximately four weeks thereafter, plaintiff's knee became and remained infected with staphylococcus aureus; that defendant knew, or by the exercise of ordinary care and skill should have known, that plaintiff's knee was so infected; that the defendant did fail to examine and treat plaintiff's knee properly so as to discover the presence of the infection and to combat the infection and alleviate the pain, though plaintiff was under the treatment of defendant until on or about September 24, 1958; and that as a direct result of defendant's failure in this regard, plaintiff has endured great pain and suffering, does so at the present time and will permanently so suffer, that plaintiff because of the defendant's alleged negligence has been, is, and will permanently be unable to straighten her left leg or put normal pressure on her left leg, and will be a cripple for the rest of her life, and that as a further result of the defendant's negligence, the plaintiff

had to submit to a second operation on February 1, 1963, in which the patella from her left knee was removed. Plaintiff prayed for damages in the amount of $150,000.

The defendant in his answer denied that he was negligent in his care and treatment of the plaintiff and the case proceeded to trial on the issues thus made. At the conclusion of the evidence the defendant moved for a directed verdict which was denied and the jury returned a verdict for the plaintiff. The defendant then moved for a judgment notwithstanding the verdict and for a new trial on the general and special grounds. These motions were denied and the defendant in his appeal from the judgment entered on the verdict of the jury has enumerated as error the denial of these motions.

■ Appellee moves to dismiss the appeal on the ground that the enumeration of errors did not contain a statement showing the jurisdiction of this court as required by Rule 13(c) of this court. Such statement was subsequently added by amendment. The failure to include the jurisdictional statement required by this rule does not deprive this court of jurisdiction. The motion to dismiss the appeal is denied.

■ Competent medical evidence was adduced on the trial of this case from which the jury could find that the defendant did not exercise a reasonable degree of care and skill in his care and treatment of the plaintiff and that as a proximate result of his failure to do so the plaintiff sustained injury for which she could recover damages. Specifically, the evidence authorized the finding that the defendant should have observed symptoms showing the presence of a staphylococcus infection in the operation incision and should have made a culture from the area of the incision or drainage therefrom to verify the presence of this infection and determine the most effective treatment of same, and that because of the delay in properly treating the infection occasioned by the negligence of the defendant, the plaintiff suffered great pain and permanent damage to the infected knee.

While a verdict for the defendant was also authorized under the evidence, it was not demanded, and the trial court did not err in denying his motion for judgment notwithstanding the verdict and his motion for new trial on the general grounds. *Word*

*v. Henderson,* 220 Ga. 846 (142 SE2d 244); *Andrews v. Smith,* 112 Ga. App. 144 (144 SE2d 176).

■ The defendant in special ground 7 of the amended motion for new trial upon which error is enumerated assigns error on the following excerpt from the charge of the court given at the request of the plaintiff: "The court charges the jury that if you should find from the evidence that there is a procedure for taking a culture from a wound to determine the presence or absence of staphylococcus bacteria, and if you should further find that this procedure was an available and well-known means for obtaining proper data upon which to base a physician's judgment in treating the ailment of the plaintiff, and if you find from the evidence that the defendant failed to employ this means, then you would be authorized in finding that he had failed to use or exercise a reasonable degree of care and skill."

This charge was clearly erroneous and was highly prejudicial to the defendant. The mere fact that the taking of a culture was an available and well-known procedure and that the defendant did not avail himself of this procedure would not in and of itself authorize a finding that the defendant was guilty of negligence. The jury must first and foremost determine whether or not the defendant in the exercise of a reasonable degree of care and skill *should* have availed himself of this procedure. The charge as given presumed that the defendant should have so acted in the exercise of reasonable care and skill and thus invaded the province of the jury on the most material and vital issue in this case. Because of this erroneous charge which clearly constituted the expression of opinion by the court that the mere failure to take a culture did itself amount to negligence on the part of the defendant, a new trial must be granted to the defendant. *Code* § 81-1104; *Southern Cotton Oil Co. v. Skipper,* 125 Ga. 368 (8) (54 SE 110); *Atlanta & West Point R. Co. v. Jacobs,* 135 Ga. 113 (1) (68 SE 1039); *Cotton States Mut. Ins. Co. v. Davis,* 110 Ga. App. 601 (2) (139 SE2d 427). This error was not rendered harmless by the fact that the trial court elsewhere in its charge to the jury correctly instructed them on this matter since the erroneous charge was not retracted or referred to. *Executive Comm. of Baptist Conv. v. Ferguson,* 213 Ga. 441

(99 SE2d 150); *Bracewell v. Bracewell,* 111 Ga. App. 759 (143 SE2d 10).

The charge complained of in special ground 8 is also subject to these criticisms and should be rephrased, if given on the subsequent trial of this case, in such manner as to make it abundantly clear that it is for the jury to determine whether or not under all the facts and circumstances of this case the defendant's failure to make a culture was negligence.

■ The trial court also erred as contended in special ground 9 in charging the jury that the issue of negligence for their determination was as follows: "Was defendant, Dr. Myers, prior to the time Mrs. Johnson engaged Dr. Bayne, negligent in failing to cause a culture to be taken from the wound of the operative surgical incision in her left knee, so that a test might be made for staphylococcus infection, and in not thereafter prescribing for her the drug kenamycin called Kantrex?" While the evidence did show that Dr. Bayne who assumed treatment of the plaintiff after she was discharged from the hospital by the defendant prescribed the drug kenamycin (trade name Kantrex) along with another antibiotic for treatment of her infection, there was absolutely no medical evidence which would authorize a finding that the defendant in the exercise of reasonable care and diligence in treating the plaintiff should have prescribed this particular drug, and the plaintiff in her petition did not charge the defendant with negligence in not prescribing such drug. This charge was clearly unauthorized and the court committed reversible error in giving such instruction to the jury. *Investors Syndicate v. Thompson,* 172 Ga. 203 (2b) (158 SE 20); *Cox v. Crow,* 109 Ga. App. 769, 771 (137 SE2d 393).

The trial court also erred as contended in special ground 10 in instructing the jury that the plaintiff in order to prove her case must establish among other enumerated things that the defendant was negligent in not prescribing kenamycin. This charge actually placed a greater burden on the plaintiff than existed under the pleadings and evidence since she was only required to prove that the defendant should have prescribed a proper antibiotic for treatment of her infection. Taken in connection with the charge complained of in special ground 9, however, this charge was harmful to the defendant.

■ The trial court also committed reversible error as contended in special ground 14 in submitting in charge to the jury the issue of whether or not the defendant in the exercise of a reasonable degree of care and diligence under the circumstances should have gone to the plaintiff's home in response to the plaintiff's call after she was discharged from the hospital. The defendant's failure to act in this regard was not charged as negligence in the petition, and there was no evidence, medical or otherwise, which would authorize a finding that the defendant in the exercise of reasonable care and diligence should have gone to the plaintiff's home or that his failure to make a house call could have contributed to the deterioration of her condition in any way. "A charge which injects into the case and submits for the jury's consideration issues not made by the pleadings or the evidence tends to confuse the jury as to the true issue in the case, is probably harmful to the defendant, and is error requiring the grant of a new trial." *Atlantic C. L. R. Co. v. Strickland,* 87 Ga. App. 596, 615 (74 SE2d 897).

■ The remaining special grounds of the amended motion for new trial upon which error is enumerated are without merit.

*Judgment affirmed in part; reversed in part. Bell, P. J., and Eberhardt, J., concur.*