## 43608. WOOTEN et al. v. STATE OF GEORGIA, Ex. Rel. BAGBY, Director.

EBERHARDT, Judge. Rangers of the State Game and Fish Commission apprehended Thomas Wooten and others while they were engaged in hunting deer at night on December 2, 1967. The pickup truck and an automatic shotgun which were being used in the hunting operation were seized and condemnation

proceedings were instituted by the Attorney General on behalf of the State and of the Game and Fish Director. A rule nisi was issued on the petition on December 23, 1967, and thereafter it was filed with the Clerk of Telfair Superior Court, on December 26. Defendants (owner and lienholder) moved to dismiss the proceeding because it was not filed within 20 days after seizure as required by *Code Ann.* § 45-529 (c). The motion was overruled and the defendants appeal.

Appellee moves to dismiss the appeal because (a) the enumeration of errors fails to include a statement showing jurisdiction in this court to entertain the appeal, and (b) the appellants' brief fails to cite references to the record. *Held:*

1. The motion to dismiss the appeal is denied.

(a) Omission of the jurisdictional statement does not work a dismissal. *Myers v. Johnson,* 113 Ga. App. 648 (1) (149 SE2d 378); *Kitchens v. Hall,* 116 Ga. App. 41 (1) (156 SE2d 920).

(b) Appellant has rewritten his brief, including citation to the record in compliance with our Rule 17, and this ground of the motion has become moot. In this connection, however, we point out that, while failure to make reference in the brief to pages of the record or transcript in accordance with Rule 17 of this court may be a basis for treating the enumeration of error as abandoned, resulting in an affirmance, it is not a ground for dismissal.

2. (a) Appellee urges that presentation of the petition to the judge for obtaining a rule nisi within the 20-day statutory period is sufficient under the provisions of the Civil Practice Act (*Code Ann.* §§ 81A-103, 81A-105 (e)), to comply with *Code Ann.* § 45-529 (c) and that, since the motion to dismiss was denied, it is to be presumed that the petition was so presented, the record disclosing nothing to the contrary. Pursuant to the provisions of *Code Ann.* § 6-809 (b) we have requested the judge to certify to this court the time when the petition was presented to him, and he has certified that it was presented December 23, 1967. Consequently, giving effect to the contention that we should consider the time of presenting the petition to the judge rather than the time of filing with the clerk in determining whether the proceeding was instituted within the required time, it nevertheless appears that more than 20 days had elapsed.

(b) The contention that the State cannot be barred of its

right to institute the proceedings by the passage of the 20 days before doing so is not meritorious. While *Code Ann.* § 45-529 (c) is not one of the "foregoing sections" referred to in *Code* § 3-715, declaring that when by them a private person would be barred the State shall likewise be barred, we are persuaded that the 20-day limitation does indeed apply to a proceeding brought by the State. In construing a similar statute providing that a condemnation proceeding must be instituted within 10 days after seizure of property used for transportation, etc., of illegal alcoholic beverages (*Code Ann.* § 58-207) failure to file within the time was held to bar a proceeding brought by the State after expiration of the ten-day period. *Oberlain v. State of Ga.,* 42 Ga. App. 796 (157 SE 357). See also *Phillips v. Stapleton,* 23 Ga. App. 303 (97 SE 885); *Bowman v. Davis,* 51 Ga. App. 478 (180 SE 917); *Kitchens v. Beverly,* 86 Ga. App. 880 (72 SE2d 819).

The power of condemnation as authorized by the statute under which this proceeding was sought to be instituted in fact resides in the State, though it may be exercised in its behalf by its proper officials. *Malone v. Clark,* 109 Ga. App. 134 (135 SE2d 517). There can be no doubt that the limitation was intended to apply to all proceedings brought under the Act, whether in the name of the State or in its behalf by its proper officials.

(c) There can be no substantial compliance with the requirement that the proceeding be instituted within 20 days after seizure. It is instituted within the time or it is not. If there were circumstances which could toll the running of the statute, none appear under the facts here. The fact that the claimants gave bond for the property as authorized by the statute, did not do so.

Denial of the motion to dismiss the proceeding was error.

*Judgment reversed. Felton, C. J., and Whitman, J., concur.*

Argued May 6, 1968—Decided September 19, 1968.

*Arthur C. Farrar,* for appellants.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., A. Joseph Nardone, Jr., Assistant Attorneys General, William R. Childers, Jr.,* for appellee.