### 43919. JOHNSON v. MYERS.

774

ARGUED SEPTEMBER 10, 1968—DECIDED NOVEMBER 12, 1968—
REHEARING DENIED DECEMBER 5, 1968.

*Harmon & Thackston, Nolan B. Harmon, Greene, Buckley, DeRieux, Moore & Jones, Thomas B. Branch, III,* for appellant.

*G. Seals Aiken,* for appellee.

DEEN, Judge. ■ Malpractice is a particular form of negligence which consists in not applying to the exercise of the practice of medicine that degree of care and skill which is ordinarily employed by the profession generally under similar conditions and like surrounding circumstances. *Code* § 84-924; *Andrews v. Lofton,* 80 Ga. App. 723 (2) (57 SE2d 338). It is the general rule applicable in all negligence actions that evidence of similar acts or omissions on the part of the defendant on other and different occasions is not admissible. *Bazemore v. Powell,* 54

Ga. App. 444, 445 (188 SE 282); *Smith v. The Morning News, Inc.,* 99 Ga. App. 547, 551 (109 SE2d 639); *Pullman Co. v. Schaffner,* 126 Ga. 609 (2) (55 SE 933, 9 LRA (NS) 407). This is true even on cross examination if the cross examination is used simply as a vehicle to place before the jury irrelevant and prejudicial matter violative of the "other transactions" rule. *Gahring v. Barron,* 108 Ga. App. 530 (2) (133 SE2d 389). Exceptions occur: where a series of acts are so related that proof of one tends to prove the other, or where a witness volunteers, as the defendant in a malpractice case did in *Richards v. Harpe,* 42 Ga. App. 123 (1) (155 SE 85), that he had never had similar difficulty before or since, the statement is subject to contradiction by cross examination concerning similar cases in which similar treatment was followed by similar unfortunate results. In the present case, even granting that the defendant stated that both in the case of the plaintiff and generally he conformed to proper practice, it was not error for the trial court to refuse him to be allowed to be questioned before the jury about whether he had previously performed a number of operations on patients for removal of the coccyx bone at a named hospital which members of the staff deemed to be excessive, with the result that they had requested him to curtail his use of that hospital. Whether such operations were unnecessary, although properly performed, has no bearing on whether the post-operative treatment of this plaintiff showed a proper recognition and treatment of infection developing subsequently thereto. Nor would affirmative answers have established that the defendant did not conform to proper medical practice in general in the absence of further proof that the unnamed hospital staff members were correct in their opinion that the defendant's conduct on such occasions did not measure up to proper medical practice. *Mayo v. McClung,* 83 Ga. App. 548 (64 SE2d 330). The testimony was properly excluded.

■ Since the repeal of former *Code* § 70-207 requiring the trial court to give a proper written request to charge in the language requested, the rule is established that refusal of a request is not error where a correct instruction by the trial court dealing with the principles of law embodied in the request, although in more abstract terminology, is given (*Moon v. Kimberly,* 116

Ga. App. 74 (1) (156 SE2d 414)); also that the enumeration of error or brief of counsel should refer to that part of the record where the objection to the charge as given appears, and that a simple statement that counsel objects to the refusal to give the request is an insufficient objection to the charge (*U. S. Security Warehouse v. Tasty Sandwich Co.,* 115 Ga. App. 764 (1) (156 SE2d 392); *Holcomb v. Kirby,* 117 Ga. App. 266, 271 (4) (160 SE2d 250)). Enumerations of error on the omission of the court to charge certain of the plaintiff's requests are subject to all three of these defects; we have, however, examined them in connection with the charge as given in order to determine whether the omissions resulted in substantial error (*Code Ann.* § 70-207 (c)), and find none. The court charged fully and fairly on the subject of expert medical testimony, that "under what circumstances reasonable care and skill would require a culture to be taken from a surgical incision is a medical question to be established only by the testimony of physicians," that "the weight to be given to expert opinions is exclusively for you the jury," that "in determining the question of reasonable care and skill you may consider the place of treatment, *the circumstances surrounding it,* the situation of the defendant with respect to the treatment and *all the facts and circumstances which throw light upon the* question," etc. This language, although more abstract, is less argumentative than similar language in some of the requests. As to the specific omissions which the plaintiff wished the court to instruct the jury they might consider to be negligent acts, the requests (going to acts not alleged to be negligence in the petition) were both too narrow and in conflict with a part of the charge given to which no exception was taken, as follows: "When you come to pass upon the question as to whether or not the defendant was negligent, you will be confined to the specific acts or omissions as charged as negligence in the plaintiff's petition as amended, the law being that the plaintiff must recover, if she recovers at all, upon the case as she presents it to the court and jury in her petition." This last quoted excerpt from the charge was not excepted to (although similar language is made the subject of the 18th enumeration of error). It may well be that under our present sys-

tem of notice pleading, and in particular under the provision of *Code Ann.* § 81A-115 (b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings") such language would now constitute reversible error. And we would be in grave doubt in the present case if the limitation might reasonably have affected the jury verdict, but the negligence charged in the petition included allegations that the defendant should have known that a staphylococcus infection was present and was negligent in failing to discover and properly combat the resulting infection, and under the instructions given the jury was left free to decide as to each of the particular alternative procedures urged by the plaintiff (use of a leg cast, bed rest, use of a named drug, and so on) whether the procedure used did in fact constitute that degree of care and skill ordinarily employed by the profession generally under similar circumstances. In these respects the instructions as given were entirely adequate.

■ It was not error for the trial court to charge the jury that the duty of the defendant to make house calls on the plaintiff was not before them for consideration. *Myers v. Johnson,* 113 Ga. App. 648 (5) (149 SE2d 378).

■ In charging on the meaning and effect of expert opinion testimony the court used generally a charge approved in *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1, 6 (5 SE2d 214). The instruction contained qualifying language as follows: "Opinion evidence is not conclusive or controlling, whether it be expert or non-expert. The jury, upon a review of the case or by reference to their own experience, may discard the opinion of experts entirely." The court ended its discussion by observing that medical experts may testify as to opinions even though they go to the final question at issue where there are instructions "to the effect that such testimony does not bind the jury, and that they may give just such weight to it as in all the circumstances they may see fit to do." Here the court, in substitution of the above quoted language, said: "The law allows you to receive and consider such opinions, along with all of the other evidence in the case, in making your verdict. The weight

to be given to expert opinions is exclusively for you, the jury. You may give them such credence as you see fit." No error is shown here.

■ An otherwise correct and applicable instruction is not error because some other principle of law also contended to be applicable is not included therein. Appellant complains that the court's charge ("the ultimate question as to the issue of the defendant's negligence being whether he did or did not use the reasonable care and skill required of him in the treatment of the plaintiff's knee following the operation") excluded a question of negligence in the *examination* as well as the *treatment* of the knee following surgery. The omission was not called to the court's attention, and, in view of the charge as a whole (in which it was called to their attention that the plaintiff alleged negligence in both the examination and the treatment of the knee) they could not reasonably have understood that the issues of examination and diagnosis were removed from the case.

*Judgment affirmed. Jordan, P. J., concurs. Pannell, J., concurs specially.*

PANNELL, Judge, concurring specially. I concur in the judgment, but cannot concur in all that is said in the opinion, which contains much obiter dicta, as there are a number of statements with which I do not agree; particularly the holding that an appellant waives his right to complain of the failure to give a proper request to charge if, on appeal, he fails to enumerate as error all matters in the charge given which may conflict with the request. We should not apply the waiver rules relating to objections to evidence to objections to the charge of the court.