## 45079. GARNER v. STATE OF GEORGIA.

WHITMAN, Judge. To this condemnation action by the State, proceeding under *Code Ann.* § 42-813.1 (Ga. L. 1952, pp. 201, 202), to condemn and sell one 1964 Volkswagen automobile, particularly described, because of its use to "store, conceal transport narcotics," the claimant, appellant, responded and answered that he is the owner of the vehicle and that he "has never at any time had any knowledge whatsoever that said vehicle was at any time used for the transportation of any narcotic drug or other unlawful substance and that at no time was said vehicle used for the transportation of such with the knowledge, permission or consent, express or implied, of the claimant." The allegations of the answer, if proved, are a defense to the condemnation action. *Code Ann.* § 42-813.4 (Ga. L. 1952, pp. 201, 204).

The claimant then moved for a summary judgment. It appears to be undisputed that contraband was found in the claimant's car while it was being used by claimant's son.

In an affidavit in support of his motion for summary judgment the claimant swears: "I am the sole owner of a certain 1964 Volkswagen automobile bearing manunfacturer's Identification Number 6498471, 1969 Georgia License Tag Number 1-D-59698, and which is the subject of Georgia Automobile Title Certificate Number 2562270, a copy of which is hereto attached as Exhibit A. This automobile has always been my sole property although I have allowed my 18-year-old son, James M. Garner, the use of this vehicle. At no time whatsoever have I had any knowledge that my son was ever using this vehicle for the alleged purpose of transportation of marihuana nor did I at any time have any knowledge whatsoever that my son was using marihuana or that he was in any way connected with the possession or sale of such substance and at no time was any actual or alleged use, possession or transportation of marihuana by my said son, James M. Garner, with my knowledge, consent or permission."

With the above showing, the claimant established a prima facie right to the judgment sought. It was incumbent upon the State to make a contrary showing, i.e., that the car had been used to transport the contraband with the knowledge, connivance or consent, express or implied, of the claimant. The State offered five affidavits which it contends "show all kinds of facts known to the appellant from which he *could* have concluded that his son was using the vehicle illegally." However, the State has not identified any particular facts from which it concludes that claimant had actual or constructive knowledge of the illegal use of his car by his son, which gave rise to its being impounded and searched on June 2, 1969.

The affidavit of Detective D. D. Worthan avers that on April 20, 1966, he found James M. Garner, then 15 years old, and two others sniffing glue out of paper bags. The affidavit of Police Officer E. G. Brown avers that on August 14, 1967, he picked up James M. Garner, then 17, because he appeared to be under the influence of some sort of drug; that he took him to Grady Hospital; and that he was later turned over to juvenile court. The affidavit of Juvenile Court Probation Officer Calhoun Weathers avers that he became familiar with James M. Garner as a result of his being brought to Juvenile Court on April 20, 1966, on a charge of "glue

sniffing" which he admitted; that he was again brought to Juvenile Court on August 14, 1967, for being "drunk" and was sent to Grady Hospital, which reported that he was under the influence of some drug rather than alcohol; that investigations disclosed that he had become a "youthful hippie"; and that as a result of many conferences involving Weathers, James M. Garner, and his father, young Garner co-operated and agreed to enroll in the Gordon Military Institute, and when the case came up for a hearing it was adjusted to allow him to continue in that school. The affidavit of U. S. Department of Justice Special Agent Bert W. Messer avers that he was referred to Jim Garner by one Kip Perkins and that after he made telephone contact with Garner he met with him on March 7, 1969, and Garner took him to an unknown white male from whom he (Messer) purchased some marihuana for $20. The affidavit of Vice Squad Detective W. E. Wood avers that he has known James M. Garner since Garner was about 14 years old, at which time he had found Garner and another out late one night and had taken them home; that since he has been on the narcotic and drug detail he has seen Garner numerous times in a section of Atlanta frequented by "hippies"; that on June 2, 1969, he had occasion to arrest Garner for an alleged violation of the Uniform Narcotic Drug Act of Georgia and to impound the Volkswagen automobile; that he arrested Garner at the home of his parents; that two young "hippies" were in the house; and that the Volkswagen automobile was searched and marihuana was found.

In our view none of the affidavits offered by the State in opposition to the claimant's motion for summary judgment discredits or contravenes the claimant's averment that he had no knowledge concerning the illegal use of the car or that he connived or consented thereto. Nor can any implied knowledge, permission or consent be drawn therefrom. See in this connection *Mays v. Curry*, 150 Ga. 290 (103 SE 458); *Oberlain v. State of Ga.*, 42 Ga. App. 796 (2) (157 SE 357).

The trial court erred in not granting the claimant's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED FEBRUARY 2, 1970—DECIDED APRIL 21, 1970—
REHEARING DENIED MAY 13, 1970—

*Paul C. Myers,* for appellant.

*Lewis R. Slaton, District Attorney, Stanley P. Herndon, Carter Goode,* for appellee.