### 46442. SPARKS v. SPARKS.

PER CURIAM. This case, an action to enforce the payment of promissory notes, comes here from Houston Superior Court on appeal from the grant of a summary judgment for the plaintiff following the refusal of the trial judge to sustain a motion to dismiss based on the premise that the plaintiff commenced the action in Houston Superior Court while the same action against the same defendant, which the defendant had answered, was pending in Jones Superior Court. After commencing this action the plaintiff dismissed the action in Jones Superior Court and paid the costs. The foregoing facts are undisputed. *Held:*

1. The motion of the plaintiff to dismiss the appeal before this court is denied.

The dissent is correct in pointing out that the motion to dismiss is based on the failure of the appellant to include a statement of jurisidiction as required by our rules and a failure to make specific reference in the brief to support the enumerated error. The dissent further correctly states that the wording of these rules indicates that they are of a mandatory nature. However, under the many decisions of this court interpreting these rules we have not construed them to be of such a mandatory nature as will support a motion to dismiss.

In *Myers v. Johnson,* 113 Ga. App. 648 (149 SE2d 378), we

said that a failure to include a jurisdiction statement required by Rule 13 (c) does not deprive the court of jurisdiction and that such statement can be added by amendment.

In *Kitchens v. Hall,* 116 Ga. App. 41 (156 SE2d 920), we said that although Rule 13 (c) requires a statement of jurisdiction, failure to do so will not result in a dismissal.

In *Byrd v. Moore Ford Co.,* 116 Ga. App. 292 (157 SE2d 41), we again said that the failure of the appellant to include the statement required by Rule 13 (c) affords no basis for dismissal.

In *Rainey v. Housing Authority of City of Atlanta,* 114 Ga. App. 333 (151 SE2d 534), we again said that failure to include the jurisdictional statement is not a ground for dismissal. It was also said in this case that where the entire record is 18 pages the failure of appellant to point out the pages in the record will not constitute an abandonment of the enumeration under the rules of this court.

In *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 1 (169 SE2d 342), we said that while there should have been compliance with our rule requiring pagination, failure to do so will not preclude our consideration where the inconvenience occasioned is insubstantial.

In *Satcher v. James H. Drew Shows, Inc.,* 122 Ga. App. 548 (177 SE2d 846), there was a motion to dismiss based on failure to specify pages of the record, Rule 18 (c). We held the motion to be without merit since the appeal was from the dismissal of a petition and "is easily found in the record." See also *Jenkins v. Raiford,* 117 Ga. App. 658 (1) (161 SE2d 405); *Wooten v. State of Ga.,* 118 Ga. App. 366 (1a) (163 SE2d 870).

See Judge Pannell's dissent in *Cohen v. Garland,* 119 Ga. App. 333, 340 (167 SE2d 599), for a collection of cases holding that failure to meet the pagination rule will result in an abandonment of the enumeration of error. In such cases the result would be an affirmance and not a

dismissal.

Based on the cases cited above we therefore conclude that the motion to dismiss in this case was without merit especially in view of the very brief record involved.

2. The pending action in Jones Superior Court afforded the defendant good cause for abatement when the plaintiff commenced the same action against the same defendant in Houston Superior Court. *Code* § 3-601. But could the plaintiff preserve the second action by thereafter voluntarily dismissing the action in Jones Superior Court and paying the costs? We think not. The defendant relies on *Code Ann.* § 3-508, as amended, which purports to recognize that after voluntarily dismissing, the plaintiff may recommence only upon payment of costs. Additionally, subsection d of CPA § 41 requires that to commence "an action based upon or including the same claim against the same defendant the plaintiff shall *first pay* the *court costs* of the *action previously dismissed."* (Emphasis supplied). In applying the antecedents in this state of the present statutes the requirement that the costs of the first action must be paid before the plaintiff has any right to commence a second action is treated as an absolute condition precedent. In 1904, in an opinion in which all the justices concurred, the Supreme Court stated: "The evident intent of our statute is to prevent the harassing renewal of a suit which the plaintiff has, after calling upon the defendant to appear in court and defend it, elected to dismiss for some reason, good or otherwise. And the condition imposed upon him as to the payment of costs, before renewing his action, is in the nature of a penalty for not being ready and willing to press his original suit to a hearing on its merits. The expense incurred in bringing the dismissed action is thus thrown upon the plaintiff, and the costs thereof can not be recovered by him from the defendant, even though the former may, upon a final determination of his second suit, prevail in the cause. In other words, a plaintiff may arbitrarily and over the protest of the defendant dismiss a suit, his rea-

sons for dismissing it can not be inquired into by the court; but he must in any event pay for this privilege, and can not, without first making payment of the costs of that suit, exercise his conditional statutory right to renew it." *Wright v. Jett,* 120 Ga. 995, 1001 (48 SE 345).

In our opinion the present law reflects a clear intent to continue the previous practice, and under the undisputed facts the trial judge erred in refusing to dismiss the second action. See *O'Kelley v. Alexander,* 225 Ga. 32 (165 SE2d 648) and *Kalin v. Pfarner,* 124 Ga. App. 816, however, for the effect of such a dismissal.

3. The action being subject to dismissal on motion as duly made, the trial judge erred in granting summary judgment for the plaintiff.

*Judgment reversed. Bell, C. J., Eberhardt and Quillian, JJ., concur. Jordan, P. J., Hall, P. J., and Deen, J., concur specially. Pannell, J., concurs in the judgment only. Evans, J., dissents. Whitman, J., not participating because of illness.*

ARGUED SEPTEMBER 13, 1971—DECIDED NOVEMBER 23, 1971—
REHEARING DENIED DECEMBER 14, 1971.

*Joel A. Willis, Jr.,* for appellant.

*Adams, O'Neal & Hemingway, Thomas W. Talbot,* for appellee.

JORDAN, Presiding Judge, concurring specially. In my opinion the result here reached is required under the precedents in this State, applying statutory provisions substantially the same as the present statutes. The present practice requirements were modeled on the federal rules, but subsection d of CPA § 41, in requiring that "the plaintiff shall first pay the court costs of the action previously dismissed" is consonant with the statement appearing in *Code Ann.* § 3-508, which has long been the law of this State, that upon dismissal "the plaintiff may recommence his suit on payment of costs." The federal Rule 41 (d) merely provides

that where a plaintiff has once dismissed "the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order." See V Moore's Federal Practice (2d Ed.), § 41.16, p. 1193. In my opinion the federal rule represents an approach to the matter which would aid in expediting the disposition of a claim on the merits, whereas the present rule in effect in this State may indicate undue emphasis on what may have been a necessity in a bygone era, a fee system strictly enforced to provide compensation to court officials.

Hall, P. J., and Deen, J., join this special concurrence.

Evans, Judge, dissenting. The majority opinion reverses the trial court, but in order to reach that decision it was first confronted with the appellee's motion to dismiss the appeal. The motion to dismiss is upon two grounds, to wit: "1. Appellant's enumeration of errors does not contain any showing that the Court of Appeals of Georgia has jurisdiction of the above captioned case. 2. Neither the enumeration of errors nor appellant's statement of the case contains any citation to any part of the record in the above captioned case."

Reference to the record shows that appellant is correct in his assertion respecting the enumeration of errors. There is no statement whatever as to the jurisdiction of the Court of Appeals. The Rule of this court (*Code Ann.* § 24-3613 (c)) provides: "Statement of jurisdiction.—At the conclusion of the enumeration of errors and immediately preceding the signature of counsel for appellant or cross appellant, there *must* be a statement of the reasons why the Court of Appeals and not the Supreme Court has jurisdiction of the appeal, with citation of the part or parts of the record or transcript, and if possible the particular paragraphs thereof, showing jurisdiction." (Emphasis supplied). Note the language, "there *must* be a statement," etc. How can this court ignore its own rule and its own positive mandate respecting the enumeration of errors?

The Rules of this Court further provide in *Code Ann.* § 24-3617 (c-3): "References to record or transcript.—A. Specific reference to support enumerated errors.—Each enumerated error *shall* be supported in the brief by specific reference to the record or transcript or both." (Emphasis supplied). Appellant's brief completely fails to comply with this rule.

The majority opinion correctly states that "under the many decisions of this court interpreting these rules we have not construed them to be of such a mandatory nature as will support a motion to dismiss." The writer of this dissent, along with the other members of this court, has written or concurred in opinions which *incorrectly construed* our rules. I wish to acknowledge that error here and now and do my best to rectify it. How did we come up with an interpretation of "must" and "shall" as not being mandatory? What does the word "must" mean? What does the word "shall" mean? What right had this court (including the writer) to interpret these words as *not being mandatory in nature?* We had no such right! We were wrong! We all, each member of the court, ought to be willing now to admit that we were wrong and henceforth interpret the rules correctly. We should call a spade a spade, call the truth the truth and interpret "must" and "shall" as being terms of the highest mandate.

What difference that we have written decisions in the past that were wrong? Are we to be bound by our errors and continue to incorrectly interpret our rules? In the case of *Humthlett v. Reeves,* 211 Ga. 210 (1 b) (85 SE2d 25), it is held: "While, under the rule of stare decisis, a principle of law which has become settled by a series of decisions generally is binding on the courts and should be followed in similar cases, *that doctrine should not be followed to the extent that error may be perpetuated.*" (Emphasis supplied).

The lawyers of this State are entitled to have it made clear as to the effect of violating the rules of this court. Our rules are given much prominence by their emplacement in Georgia Code Annotated, beginning with *Code*

*Ann.* § 24-3601 et seq. The most recent revision of the rules, effective July 1, 1971, has not yet been published in the Annotated Code, though published in Georgia Appeals Reports, 122 Ga. App 885, 904. Many of the hard-working lawyers of Georgia patiently and meticulously abide by these rules, going to extra trouble in order to comply. What is to be their reward? Shall the lawyers who are not willing to abide by the rules be treated exactly like those lawyers who do comply? This seems manifestly unfair. There is a very meaningful rule in equity that "Equity aids the vigilant, not the slothful." *Bituminous Cas. Corp. v. Vaughn*, 103 Ga. App. 660 (120 SE2d 190). And this court has applied that rule heretofore. Why not now? Here we are reversing this principle by aiding those who neglect to comply with our rules. If all of our rules are merely suggestions, I favor so labeling them. If some of them are mandatory, and some are suggestions, I favor dividing them and properly labeling the divisions. But until some definite pronouncement is made by this court, I have to vote to sustain those rules that use the words "must" and "shall"; which means that in the case sub judice, I have to vote to sustain the motion to dismiss the appeal.

I, therefore, dissent from the majority opinion which overrules said motion to dismiss.