372 So.2d 103 (1979)
ONE 1973 CADILLAC, I.D. No. 6L47S304 43983, Fla. Tag No. 10-Ww-039342, et al., Appellants,
v.
STATE of Florida, Appellee.
No. 78-777.
District Court of Appeal of Florida, Second District.
May 11, 1979.
Rehearing Denied June 13, 1979.
Barry Cohen, Tampa, and Edward T.M. Garland and Mark J. Kadish of Garland, Nuckolls, Kadish & Cook, P.C., Atlanta, Ga., for appellants.
Jim Smith, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
This is an appeal of an order requiring the forfeiture of a Cadillac automobile seized in connection with an arrest for drug smuggling.
The vehicle in question was owned by the Hughes Marketing Systems, Inc. At the time it was seized, the Cadillac was in the possession of Jack Agnew, Jr., who was arrested on various charges of possession of contraband.
At the hearing on the forfeiture motion, Mr. Jack Agnew, Sr. explained that he and his wife were the sole stockholders of Hughes Marketing Systems, Inc. and that he was its president. The company is engaged in the wholesale jewelry and coin business. He testified that the Cadillac was not owned by his son, Mr. Agnew, Jr., but was bought and paid for by the corporation. Mr. Agnew, Jr. was not an officer of the corporation. He was a sales person employed by the corporation and as such used the car in the course of the business. Mr. Agnew, Sr. testified that he had no idea that the car was being used by his son for any illegal purpose, and that he had absolutely nothing to do with the crimes for which his son was arrested. The court ordered the forfeiture of the automobile.
The forfeiture proceedings were instituted under the "Florida Uniform Contraband Transportation Act." Sections 943.41-44, Florida Statutes (1977). The provisions of the act which are pertinent to this appeal are as follows:
943.43 Forfeiture of vessel, motor vehicle, or aircraft; exceptions.  Any vessel, motor vehicle, or aircraft which has been or is being used in violation of any provision of s. 943.42 or in, upon, or by means of which, any violation of said section has taken or is taking place shall be seized and may be forfeited. No vessel, motor vehicle, or aircraft used by any person as a common carrier in the transaction of business as a common carrier nor any other vessel, motor vehicle, or aircraft shall be forfeited under the provisions of ss. 943.41-943.44, unless the owner or person legally in charge of such vessel, motor vehicle, or aircraft was at the time of the alleged illegal act a consenting party or privy thereto. No vessel, motor vehicle, or aircraft shall be forfeited under the provisions of ss. 943.41-943.44 by reason of any act or omission established by the owner thereof to *104 have been committed or omitted by any person other than such owner while such vessel, motor vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of this state or any political subdivision thereof, any other state, or the United States.
943.44 Forfeiture proceedings.  (1) The State Attorney within whose jurisdiction the vessel, motor vehicle, or aircraft has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband as herein defined may proceed against the vessel, motor vehicle, or aircraft by rule to show cause in the circuit court within the jurisdiction in which the offense occurred and may have such vessel, motor vehicle, or aircraft forfeited to the use of, or to be sold by, the law enforcement agency making the seizure, upon producing due proof that the vessel, motor vehicle, or aircraft was being used in violation of the provisions of said law. However, the provisions of this section shall not apply to innocent parties or destroy any valid lien or retain title contract on vessels, motor vehicles, or aircraft as defined by existing registration law, and the notation of a lien upon the face of the certificate of title shall be deemed prima facie valid. The seizing agency may release said vessel, motor vehicle, or aircraft to the innocent party or lienholder upon the filing of a sworn affidavit by said innocent party or lienholder that he had no knowledge of the alleged violation causing such seizure and upon then producing a valid certificate of title. (Emphasis supplied.)
This act was substantially patterned after similar federal legislation. 49 U.S.C. §§ 781-782 (1976); Griffis v. State, 356 So.2d 297 (Fla. 1978). According to interpretations of the federal law, a vehicle involved in the transportation of contraband may be forfeited regardless of the innocence of its owner so long as the person legally in charge of the vehicle was involved in the illegal activity. United States v. One 1950 Burger Yacht, 395 F. Supp. 802 (S.D. Fla. 1975); United States v. One 1955 Ford Convertible, 137 F. Supp. 830 (E.D.Pa. 1956). Even an innocent lienholder has no redress under the federal law. United States v. One 1967 Cadillac Coupe Eldorado, 415 F.2d 647 (9th Cir.1969); United States v. One 1961 Cadillac, 337 F.2d 730 (6th Cir.1964). The federal act, however, does not contain a provision relating to innocent parties, whereas Section 943.44 specifically seeks to protect the innocent parties.
The testimony of Mr. Agnew, Sr. was sufficient to meet the burden of showing that Hughes Marketing Systems, Inc. was an innocent owner of the automobile. When the state then failed to present evidence that the car had been used to transport the contraband with the express or implied knowledge of the corporation, the court should have ordered the vehicle released. See State v. Ozarek, 573 P.2d 209 (N.M. 1978); State v. One (1) Certain 1969 Ford Van, 191 N.W.2d 662 (Iowa 1971); Garner v. State, 121 Ga. App. 747, 175 S.E.2d 133 (1970).
REVERSED.[1]
HOBSON and OTT, JJ., concur.
NOTES
[1] In view of our disposition of this appeal, we need not pass upon the contention that all of the evidence of the crime giving rise to this proceeding was seized as a result of an unlawful search and cannot be used to support an order of forfeiture.