## 6186. McALLISTER *v.* THE STATE.

WADE, J. 1. A motion for a continuance was made on account of the absence of a witness subpœnaed on the day of the trial, who had "been sick a pretty good while," had been "in the hospital," and "in bed two weeks since he was brought back to his house," and who was expected to testify that certain whisky was not the property of the accused, thereafter convicted of the offense of keeping intoxicating liquors on hand at his place of business. *Held,* that in view of all the circum-

stances and of the great uncertainty that the absent witness would ever be able to attend the court and testify, taking into consideration the testimony of the physician attending him that he was suffering from a serious malady and that his condition was "acute," that he was unable to attend court that week, the week following, or the week after that, and it was altogether uncertain when, if ever, he could attend court as a witness in the future, as he had only a chance of recovery, and the probability was that he could not attend at the next term of the court, we can not say, as a matter of law, that the trial judge abused his discretion in overruling the motion for a continuance.

2. The arresting officer represented that he had an "order" from the judge of the superior court of the circuit in which the defendant lived and the crime was alleged to have been committed, requiring the defendant to deliver to the officer a certain iron safe, then in his place of business, when in fact the officer had no written order authorizing him to seize the safe or to demand its delivery to him by the defendant. The defendant thereupon consented that the officer should remove the safe from his custody, and it was then removed, and was thereafter forcibly broken open by the officer, and found to contain whisky, which was later introduced in evidence against the defendant as proof that he had kept whisky in his place of business. *Held:* The evidence, though obtained by unlawful search and seizure, was not inadmissible under the limitations fixed by article 1, section 1, paragraphs 6 and 16 of the constitution of Georgia. (Civil Code, §§ 6362, 6372). See *Duren* v. *Thomasville*, 125 *Ga.* 1 (53 S. E. 814); *Williams* v. *State*, 100 *Ga.* 511 (28 S. E. 624, 39 L. R. A. 269); *Dozier* v. *State*, 107 *Ga.* 708 (33 S. E. 418). See also State *v.* Turner, 82 Kan. 787 (109 Pac. 654, 32 L. R. A., N. S., 772, 136 Am. St. R. 129, and notes, citing numerous cases, pp. 135 to 163 inclusive); Boyd *v.* United States, 116 U. S. 616 (6 Sup. Ct. 524, 29 L. ed. 746), is distinguishable on its facts.

3. The court did not err in refusing to rule out the testimony of a city policeman to the effect that he found two baskets full of whisky in a house immediately adjacent to the defendant's place of business, or in admitting in evidence the whisky alleged to have been so found. It was for the jury to say whether the house where the whisky was found was or was not a near-by place or room used by the proprietor in connection with his business, for keeping therein such liquors as he might desire to furnish others in violation of the prohibition law. There were some circumstances in proof from which the jury might have inferred that the defendant retained control of this house, and so used it in connection with his business.

4. There is no substantial merit in the several exceptions to the charge of the court; nor did the court err in declining to charge the jury as requested by the defendant. The charge given contained no harmful error, and sufficiently covered all the vital issues in the case.

5. The evidence amply warranted the verdict, and the court did not err in overruling the motion for a new trial.

　　　　　*Judgment affirmed. Russell, C. J., dissents.*
　　　　　Decided September 22, 1915.

Accusation of misdemeanor; from city court of Albany—Judge Clayton Jones.    November 28, 1914.

*Peacock & Gardner, Claude Payton, Pottle & Hofmayer,* for plaintiff.

*Cruger Westbrook, solicitor,* contra.