## 26589. LEWIS v. THE STATE.

DECIDED FEBRUARY 15, 1938.

*Alene Harden, Charles L. Bartlett,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

MACINTYRE, J. Sol Lewis was convicted of robbery. His motion for new trial was overruled, and he excepted.

The special ground which undertakes to allege error in overruling a motion for a continuance is incomplete, and should not be considered. However, the record shows that the defendant was indicted on February 11, 1937, and at this same term the case was set for March, 1937. The court did not reach the case at this time, and set it over until April 19, 1937, when it was called for trial. At that time two witnesses, Jack Midds, a codefendant, and his paramour, Jessie Phillips, did not appear, and the officers reported that they were unable to locate these two witnesses. Upon motion for a continuance the judge set the case for June 1, 1937, and, over the objection of the solicitor-general, granted a continu-

ance to give the defendant and his counsel the opportunity to locate and produce them. When the case was called on June 1, 1937, the defendant again moved for a continuance on account of the absence of the same two witnesses. Upon the hearing of this motion it appeared that Jack Midds had allowed a first bond forfeiture to be made against him in his case pending and arising out of the same indictment, and also that he had been indicted in the Federal court about a liquor transaction. There was other testimony tending to show that he had absconded the jurisdiction of the court and had taken the other above-named witness with him. It thus seems that neither the defendant nor his counsel nor the officers were able to produce these two witnesses and there appeared to be no certainty as to when they could be produced, if ever. Obviously the judge did not abuse his discretion in overruling the motion for continuance. Code, § 81-1410; *Terry* v. *State,* 15 *Ga. App.* 108 (82 S. E. 635); *Howard* v. *State,* 7 *Ga. App.* 61 (65 S. E. 1076); *Power* v. *State,* 8 *Ga. App.* 408 (69 S. E. 315); *Warthen* v. *State,* 8 *Ga. App.* 124 (68 S. E. 624); *McAllister* v. *State,* 17 *Ga. App.* 159 (86 S. E. 412); *Burnsed* v. *State,* 14 *Ga. App.* 832 (82 S. E. 595).

■ Special ground 2 complains that a witness for the State told a witness for the defense to be very careful as to what she said; that the witness intended to fix the defendant (not the defendant's witness), and put him under the jail. The defendant contends that this intimidated his witness. Upon looking to the brief of evidence we find that the only reference to the testimony of the defendant's witness, Marietta Lewis (the witness alleged to have been intimidated), was that she testified as follows: "I am the sister of Sol Lewis. I have known Robert Phelps [a witness for the State] for about eleven years. They say his general character and reputation is pretty rough. From that reputation I would not believe him on his oath." It does not appear from the motion for new trial that this witness was placed on the stand for any purpose other than that of impeaching one of the witnesses for the State, and in this connection it appears that she testified to the full extent of the law. This ground is without merit.

■ As to ground 3, it appears that the defendant had offered the witness Lizzie Lewis, who had testified as to the character of Robert Phelps, Ethel Phelps, and Louise Phelps, who had been

offered as witnesses for the State. Upon cross-examination the solicitor propounded the following question to Lizzie Lewis: "Is old Ophelia bad, too?" Counsel for defendant objected to the question, and upon the solicitor stating that he intended putting Ophelia up later, the court overruled the objection. It does not appear that the witness made any answer to the question. The solicitor subsequently offered Ophelia Phelps as a witness, saying in the presence of the jury that he would call her "because he had promised to do so." "Movant says that the court erred in overruling defendant's objection to said question by counsel for the State, upon the ground that Ophelia had not at the time been put on the stand by the State, and that the solicitor-general could not impeach his own witness, or that it had been shown that he had been entrapped." We might point out additional reasons why this ground is without merit. However, without discussing or pointing out all of the demerits of the ground, we think it sufficient to say that while in this instance the State had no right to impeach its own witness by proof of general bad character (and in this connection it may be said to be doubtful whether the right of impeachment of one's own witness, by reason of being entrapped by previous statements contradictory to the testimony of the witness, would extend to impeachment by proof of general bad character), or to establish the good character of its witness whose character had not been attacked, this ground can not be considered, since the response, if any, of the witness to the question is not shown, nor is shown the nature of the testimony of the witness concerning whose character the witness on the stand was thus questioned, when such witness was thereafter put on the stand by the State. New trials are granted only when it is shown that the defendant has not had a fair trial because of some error of law, prejudicial to him. All of this should be clearly pointed out in the motion for new trial; and the importance of this is well illustrated by the present case, for upon referring to the record we find that the witness stated that she did not know what the character of the witness Ophelia was, and it is manifest that defendant suffered no harm because of the question. We are unable to see that the statement of the solicitor was in any way harmful to the defendant.

■ The fourth ground is as equally without merit as those that precede it. It is substantially as follows: "Because defendant,

in making his statement to the jury, was under a physical handicap unknown at the time to his counsel; that he has been afflicted with stammering, and 'tongue-tied,' from his infancy; that [if] he is embarrassed, or frightened, or excited for any reason, he is unable to talk at all unless he is prompted, or asked a direct question. Movant alleges that had this fact of the impediment in his speech been known to his counsel at the time, she could have taken steps to properly get defendant's statement better understood by the jury. That defendant's counsel did make frequent attempts, through the court, to assist defendant in making known to the jury the truth of the case and to tell what he knew about the case. . . It is urged that the court, in the exercise of its discretion, may grant a new trial when it is shown that any fact may have prevented the defendant from obtaining a fair trial; and the court is asked to grant a new trial in this case upon what appears to have been defendant's affliction that prevented and deterred him in making a clear statement to the jury who tried the case." The ground is as unimpressive as it is novel. Such a ground could only be addressed to the conscience of the trial judge in the exercise of his discretion in passing on the motion, and not to this court, established for the correction of errors of law only. Our attention has not been called to, nor are we familiar with, any rule of law which would authorize this court to grant a defendant a new trial because of the fact that he was unfortunately afflicted with a physical infirmity which prevented him from making an impressive statement to the jury. We are well satisfied that the jury in considering his statement took into consideration his infirmity and did not condemn him for it. The judge in overruling the motion for new trial was satisfied that the defendant was given a fair opportunity to place before the jury all that he knew of the case, and that his affliction tended in no way to militate against him. In this, his judgment will be the judgment of this court.

■ The evidence amply supported the verdict. No error of law appearing, the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*