42785, 42789. KITCHENS v. HALL et al.; and vice versa.

DEEN, Judge. 1. Although Rule 13c of the Court of Appeals requires that the enumeration of errors contain a statement of the reasons why this court and not the Supreme Court has jurisdiction, failure to meet the requirement will not result in a dismissal of the case. *Code Ann.* § 6-809.

2. That part of *Code Ann.* § 38-1801 reading: "A party may not impeach a witness voluntarily called by him, except where he can show to the court that he has been entrapped by said witness by a previous contradictory statement" appears in the original Code of 1861. Prior thereto it was stated in *Burkhalter v. Edwards*, 16 Ga. 593, 596 (60 AD 744): "A party is not to be sacrificed by his witness; and he ought not to be entrapped by the arts of a designing man, perhaps in the interest of his adversary. He ought, therefore, to be permitted to relieve himself from the effect of testimony which has taken him

by surprise, *not by showing that the witness, from his general character for truth, is not entitled to credit,* but by showing that the fact is different." (Emphasis supplied.) Subsequent thereto, it was held in *Lewis v. State,* 57 Ga. App. 324, 326 (195 SE 303), that "it may be said to be doubtful whether the right of impeachment of one's own witness, by reason of being entrapped by previous statements contradictory to the testimony of the witness, would extend to impeachment by proof of general bad character." Certain it is that before counsel may cross examine or repudiate a witness voluntarily called by him, he must show both that he was surprised and deceived. *Dixon v. State,* 86 Ga. 754 (13 SE 87); *Luke v. Cannon,* 4 Ga. App. 538 (1) (62 SE 110). One who knows the general bad character of a witness by reason of previous felony convictions should not be allowed first to impliedly accredit the witness by offering him before a jury as worthy of belief, and then, when entrapped by his testimony, prove, in addition to the contradictory statements by which he was surprised and deceived, the general bad character which neither surprised nor misled him.

In the present case the plaintiff Kitchens called a witness who denied he had seen the occurrence on which the cause of action was based. Counsel pleaded entrapment and during the ensuing cross examination the witness was asked whether he had ever been in jail. After objections were made to this question the court permitted the introduction of felony indictments with convictions thereon offered by the plaintiff for impeachment purposes. However, after a verdict for the plaintiff the trial court granted the defendant's motion for a new trial on the sole ground that it was error to allow the documents in evidence for the purpose of impeaching a witness offered by that party. We think this ruling proper. When a litigant has been surprised by contradictory statements he may prove such fact and so far disavow the witness as to treat him thereafter as a hostile witness; it is then for the jury to say whether he has been impeached by this method. But as to the general character, which the party knew or had means of knowing before he offered the witness, he has been neither deceived nor misled by this and should not be allowed this method of impeachment. See Green, Georgia Law of Evidence, § 143, p. 353; 58 AmJur 439, Witness, § 792.

3. Since the case is to be tried again the cross appeal will also be considered by the court. The first and third enumerations of error are not passed upon for the reason that they pertain to quantum of evidence questions which may be different on another trial. As to the second, the rule is well established that where the jury awards a sum to the plaintiff as compensation for permanent diminution of future earning capacity, the amount should be reduced to present cash value by use of a 7% rate of interest. It was accordingly inaccurate to instruct the jury that such amount might be reduced "by any correct method known to yourselves, using a rate of interest not exceeding 7%." *Florida Central &c. R. Co. v. Burney*, 98 Ga. 1 (26 SE 730) ; *Bunch v. McLeskey*, 173 Ga. 545 (161 SE 128).

*Judgment affirmed on main appeal; reversed on cross appeal. Jordan, P. J., and Quillian, J., concur.*

ARGUED MAY 4, 1967—DECIDED JUNE 20, 1967.

*Abe Crosby, Jr.,* for appellant.

*Jones, Sparks, Benton & Cork, Frank C. Jones, Carr G. Dodson,* for appellees.