51589. MONEY v. THE STATE.
51590. BRELAND v. THE STATE.
51591. LEE v. THE STATE.
51719. JORDAN v. THE STATE.

BELL, Chief Judge.

Defendants were indicted and convicted at a joint trial for possession of a quantity of phentermine in violation of the Georgia Controlled Substances Act. *Held:*

1. Defendants were afforded a commitment hearing at which all were represented by counsel. At this hearing the state did not disclose another indictee, Serritt, was not to be prosecuted but would be a witness for the state. Defendants moved to quash the indictment and to remand for another commitment hearing arguing that the failure of the state to reveal the indicted Serritt's true role at the original commitment hearing amounted to the denial of a commitment hearing. The Supreme Court in *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) held that a preliminary hearing is not a required step in a felony prosecution and that once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing; and that in no event will a conviction be reversed because a commitment hearing was denied an appellant. Thus, even if defendants' contention that they were in effect denied a commitment hearing is correct (which we do not decide) the mere denial of the commitment hearing would not entitle the defendants to reversals of their convictions under *Middlebrooks.*

2. Prior to trial defendants moved for discovery of evidence favorable to them. The trial court held an in camera inspection of the prosecutor's file and declared that no evidence favorable to the defendants was in it. During trial, evidence was shown that the witness, Serritt, a police informant, gave a GBI agent a sample of pills that the informant had obtained from defendant Lee. The GBI agent had these samples analyzed by a private druggist as the State Crime Laboratory was behind in its work. Based on the results of the private analysis the agent advised the informant to proceed with the transaction with defendants. The agent then destroyed

this sampling of pills. Defendants claim they have been denied due process and a fair trial because of the failure by the state to disclose that this sample had been destroyed and not analyzed in the State Crime Laboratory. In support of this argument they rely on Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215). Brady held that the suppression by the prosecution of evidence *favorable* to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. The evidence that the informer had obtained these samples and had given them to the GBI agent; that the latter had them analyzed by a private druggist; that these pills had not been analyzed by the State Crime Laboratory was considered by the jury. The evidence of destruction of these pills, however, was not heard by the jury as this was only shown by the agent testifying at a hearing outside the jury's presence. Nonetheless, these facts do not come within the meaning of the Brady rule. There has been no suppression of evidence that was favorable to these defendants. These defendants were not on trial for possessing these sample pills. The fact that the jury did not consider their destruction could not change the results of these cases. No constitutional error has been shown.

3. After the agent testified out of the presence of the jury that he had destroyed the sample pills, defendants requested that this witness be recalled for further cross examination before the jury to establish that the sample had been destroyed; and "for the purpose of cross examination in order to lay a ground for impeachment under Code § 38-1803." The request was denied. The recalling of a witness for further examination at the instance of either party is always within the discretion of the trial judge. *Dixon v. State,* 116 Ga. 186 (5) (42 SE 357). This witness had previously been cross examined extensively and at that time defendants had every opportunity to interrogate the witness as to the disposition of these pills. Code § 38-1803 does state that to lay a foundation for proof of a contradictory statement a witness may be recalled at any time. Counsel did not inform the court what contradictory statement he

expected to prove. Absent any offer of proof, we cannot say that the trial court abused its discretion.

4. In Case No. 51590, defendant Breland complains that the court erred in denying his motion for a mistrial, or in the alternative, for the court to strike prejudicial testimony and to instruct the jury to disregard it. During the cross examination of the informant Serritt by counsel for defendant Money, it was disclosed that on a prior, unspecified date the witness had sold defendant Breland a large quantity of marijuana. Counsel for Breland promptly objected that this evidence of a separate and distinct criminal offense committed by his client improperly placed his character in issue. The judge overruled the motions and admitted the evidence as going "into the intent and motive." It is the general rule that on the prosecution for a particular crime proof of a distinct, independent, and separate offense is never admissible, even though it be a crime of the same sort, unless there is some logical connection between the two from which it can be said that proof of one tends to prove the other, i.e., where the extraneous crime tends to prove malice, intent, motive, or the like and such an element enters into the crime charged. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615). See *Sloan v. State,* 115 Ga. App. 852 (156 SE2d 177). Proof that defendant Breland at some unknown time purchased marijuana has no logical connection to the offense charged here. The trial court erred in permitting the jury to consider it. The state argues that Breland should not be heard to complain as this testimony was elicited by counsel for the defense and cites *Salisbury v. State,* 222 Ga. 549 (2) (150 SE2d 819). Had Breland's counsel elicited this, the state's argument would be tenable but that was not done as counsel of a co-defendant caused this evidence to be brought forth. We find that this error was harmful as to defendant Breland and we reverse as to him only.

5. It was not error for the trial court to refuse to charge the jury on the principle that a defendant cannot be convicted on the uncorroborated testimony of an accomplice. The informant, Serritt, was not an accomplice but was acting voluntarily in cooperation with the police. *Cauley v. State,* 130 Ga. App. 278 (203 SE2d 239).

6. The evidence and inferences that can be drawn

show that through the efforts of the police informant, Serritt, the defendants attempted to sell and deliver a large quantity of phentermine pills to police officers who were acting undercover. The evidence authorized the conviction of each defendant.

*Judgments affirmed in Case Nos. 51589, 51591, 51719; reversed in Case No. 51590. Clark and Stolz, JJ., concur.*

ARGUED JANUARY 12, 1976 — DECIDED FEBRUARY 3, 1976 — REHEARING DENIED FEBRUARY 25, 1976 —

*Mitchell & Mitchell, Bobby Lee Cook, Sr., William Ralph Hill, Jr.,* for appellant (Case no. 51589).

*Cook & Palmour, Bobby Lee Cook, Sr., William Ralph Hill, Jr.,* for appellants (Case nos. 51590 and 51591).

*Erwin Mitchell, Neil Wester,* for appellant (Case no. 51719).

*Samuel J. Brantley, District Attorney,* for appellee.