## 66222. NAVE v. THE STATE.

DEEN, Presiding Judge.

Thomas E. Nave, a DeKalb County Assistant District Attorney, was indicted for three counts of bribery and one count of violation of oath by a public officer. At trial, after the state's evidence was presented, the court merged the four counts into a single count of bribery and appellant moved for a directed verdict of acquittal. A second motion was made after Nave presented his evidence. The motions were denied, and after the jury was unable to reach a verdict, the court declared a mistrial with appellant's consent. Two days later, he filed a plea of former jeopardy based upon his motions for a directed verdict. The motion was denied and an appeal from that ruling is brought before this court.

1. The state's motion to dismiss the appeal is denied. A timely filed appeal from the denial of a plea of former jeopardy may be made directly to this court. *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982).

Moreover, in the instant case, Nave appealed to the Supreme Court of Georgia requesting that court to issue an order restraining the superior court from retrying him until disposition of his plea of former jeopardy. In its order, the Supreme Court relied upon its holding in *Patterson v. State,* supra, and found that denial of a plea of former jeopardy is directly appealable and that the double jeopardy challenge to the indictment must be reviewed before retrial. The Supreme Court then ordered the superior court restrained from retrying Nave until the jeopardy plea was disposed of including any appeals therefrom.

2. As appellant alleges that the state failed to prove the

elements of the crime at trial and, as this allegation served as the basis of his motions, we will determine whether or not the state met its burden of proof.

The evidence showed that Nave, while employed as an Assistant District Attorney, received several thousand dollars in installment payments between April and August of 1982 from Francine Lewis, a defendant in a criminal case involving credit card fraud, in exchange for a promise not to prosecute her case and provide her with a copy of the state's file against her. The April 1, 1982, notation on her file: "NPGJ, unlikely that a conviction can be obtained — T. Nave" was entered on the outside of her file folder. At trial, Nave contended that he was unable to find the credit card holder and therefore could not prosecute the case. An examination of the evidence, however, indicates that all the necessary information (name of card holder, type of card, account number and name of issuing bank) was contained in the file.

Appellant also argues that he neither solicited nor received any benefit or consideration with the purpose of influencing him in the performance of a pending official act as required under OCGA § 16-10-2 (Code Ann. § 26-2301) because the file marked "NPGJ" on April 1, 1982, was equivalent to the dismissal of the case and occurred before he ever formulated his bribery scheme. The District Attorney testified that such a marking on the file is not an irrevocable disposition of a criminal case as it can be reactivated at any time if, for example, new evidence is obtained. Ms. Lewis testified that Nave threatened to take such action if she did not make the demanded payments and that her initial discussions with Nave as to making payments to him to dispose of her case occurred sometime in March. Nave admitted receiving the cash payments from Ms. Lewis and marking the file, but claimed he had an altruistic motive in receiving the money from her as he was saving it for her so she could attend an expensive out-of-town college. However, he only told Lewis that he needed the money to pay another attorney to fully dispose of her case so there would be no record of her arrest. (Part of Ms. Lewis' testimony is corroborated by audio tapes of two meetings with Nave and include references by Nave to another attorney who was being paid to take care of her case.)

We find that the state met its burden of proving that appellant received something of value to influence his action in the discharge of a legal or public duty, *King v. State,* 246 Ga. 386 (271 SE2d 630) (1980), and that the payments could be found by a jury to influence his decision as to whether to reopen the case and prosecute Ms. Lewis.

Accordingly, we find that the trial court did not err in denying appellant's plea of former jeopardy.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED APRIL 20, 1983 —
REHEARING DENIED MAY 3, 1983 — 

*Richard M. Loftis,* for appellant.
*Robert E. Wilson, District Attorney, Robert E. Keller, Special Prosecutor, District Attorney from the Clayton Circuit, Clifford A. Sticher, Assistant District Attorney from the Clayton Circuit, Jonathan C. Peters, Assistant District Attorney from the Stone Mountain Circuit,* for appellee.