68229. NAVE v. THE STATE.

DEEN, Presiding Judge.

Thomas E. Nave, a former DeKalb County Assistant District Attorney, appeals from his conviction for a violation of oath by a public officer, for which he was sentenced to 5 years imprisonment, to serve 6 months with the remainder probated. This conviction followed the second trial for bribery under the indictment, the first trial having resulted in a hung jury and declaration of mistrial. Following that first trial, Nave appealed from the denial of his plea of former jeopardy, which denial this court affirmed in *Nave v. State*, 166 Ga. App. 466 (304 SE2d 491) (1983). The essential factual allegations are delineated in that earlier decision and are not here repeated.

1. Nave originally was indicted for 3 counts of bribery and 1 count of violation of oath by a public officer; at both trials, however, the court ordered all of the counts merged into 1 count of bribery. Nave here contends that the trial court erred in charging the jury that violation of oath by a public officer was a lesser included offense of bribery.

OCGA § 16-1-6 provides that a crime is included in another offense if "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." Obviously, in this case proof of the alleged bribery would as a matter of fact include the proof of the vio-

lation of oath, and the trial court was correct in considering the latter as a lesser included offense of bribery. See *Haynes v. State*, 249 Ga. 119 (288 SE2d 185) (1982); *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974). While the trial court did reverse the procedure somewhat, by ordering merger of the bribery and violation of oath counts at the trial's inception but charging the jury that it could convict the appellant of either bribery or violation of oath (OCGA § 16-1-7 allows prosecution but not conviction for both an offense and its lesser included offense), the end result was proper. In short, the trial court insured that the appellant was not improperly subjected to multiple convictions for the same conduct.

Nave also contends that he could not be lawfully convicted of violation of oath by a public officer because no oath is prescribed by law for his former position as assistant district attorney. OCGA § 15-18-2 provides the following oath for district attorneys: " 'I do swear that I will faithfully and impartially and without fear, favor, or affection discharge my duties as district attorney and will take only my lawful compensation.' " (OCGA § 15-18-6 delineates the duties of the district attorney and OCGA § 15-18-10 indicates the lawful compensation.) Under OCGA § 45-3-7, Nave was charged with the same oath as the district attorney, and he in fact swore to that oath when he took the position of assistant district attorney.

2. Nave next contends that the trial court erred in denying his motion for continuance, the basis of which motion was that his counsel, whom he hired but 5 days prior to the trial, had insufficient time to prepare the case. Motions for a continuance predicated on the basis that counsel had insufficient time to prepare for trial address themselves to the sound discretion of the trial court, and the trial court's ruling will not be disturbed on appeal absent an abuse of that discretion. OCGA § 17-8-33, generally; *Wiley v. State*, 250 Ga. 343 (296 SE2d 714) (1982); *Burnett v. State*, 240 Ga. 681 (242 SE2d 79) (1978); *Bearden v. State*, 159 Ga. App. 892 (285 SE2d 606) (1981). Mere shortness in time for preparation does not in itself show a denial of the rights of a defendant. *Standridge v. State*, 158 Ga. App. 482 (280 SE2d 850) (1981).

In this case, Nave's motion for a continuance concerned his second trial under the indictment. On April 20, 1983, this court affirmed the trial court's denial of Nave's plea of former jeopardy made subsequent to the first trial. The Supreme Court eventually dismissed his application for certiorari because the application was untimely. On July 21, 1983, the public defender withdrew as Nave's counsel, and on July 22, 1983, the Supreme Court denied Nave's pro se motion for reconsideration. On or about July 15, 1983, Nave had received a trial notice from the DeKalb County Superior Court, advising him of the trial date set for August 1, 1983. On July 27, 1983, Nave retained the

counsel who represented him at the second trial. Nave, as an assistant district attorney, was experienced in criminal prosecutions, and had, as noted above, experienced his own prosecution once. Under these circumstances, we find no abuse of discretion in and no harm resulting from the denial of the motion for continuance. The record contra-indicates any lack of preparation by defense counsel or Nave, who actively participated in the presentation of his defense.

3. Nave also asserts that the trial court erred when it issued, in the presence of the potential jurors, a bench warrant for Nave's arrest for his failure to appear for trial, because the court had not yet reacquired jurisdiction from the appellate court. The record indicates that the remittitur from this court was not filed with the superior court until 12:21 p.m. on August 1, 1983. The proceedings against Nave were initiated that morning, prior to the filing of the remittitur, but before jury selection began the trial court called a recess for lunch and ordered everyone to return by 1:00 p.m. When Nave failed to appear on time, the trial court issued the bench warrant and struck Nave's demand for a speedy trial.

The trial court actually was without jurisdiction to order Nave to appear at 1:00 p.m., because at the time of that order, the remittitur had not been filed. See OCGA § 5-6-10, generally. Jurisdiction was reacquired during the recess before the actual calling of the case and selection of the jury, with the filing. See *Pearle Optical v. State Bd. &c. of Optometry*, 219 Ga. 856 (136 SE2d 371) (1964). The trial court's issuance of a bench warrant for Nave's arrest, based upon that void order to appear, thus was improper. Nevertheless, Nave has demonstrated no harm resulting from this development, and it does not appear that Nave or his attorney were genuinely concerned about any possible prejudice. Neither requested a postponement until a new panel of jurors could be selected or offered a challenge to the poll of the jury, the two remedies available where, upon the call of a case but before a jury is struck, the panel of potential jurors is exposed to a prejudicial remark. *Bankston v. State*, 169 Ga. App. 955 (315 SE2d 671) (1984); *Hill v. State*, 221 Ga. 65 (142 SE2d 909) (1965). The appellant similarly is unable to demonstrate any harm in the trial court's striking the demand for speedy trial.

4. The appellant next contends that the trial court erred in not declaring mistrial when a state's witness referred to a polygraph test. There is no merit to this enumeration.

Because of some improper reference to a polygraph test during the first trial, the trial court had ordered the prosecutor to instruct his witnesses not to make a similar reference to such at this second trial. In an answer unresponsive to the prosecutor's question, one witness testified that a GBI agent asked her if she would consent to a polygraph test, following which defense counsel immediately objected

and moved for mistrial. The prosecutor acknowledged that he had failed to instruct this particular witness but explained that he honestly had not intended to ask the witness about a polygraph test; he noted further that this witness had not been the one who had referred to a polygraph at the first trial. The trial court declined to declare mistrial but did instruct the jury to ignore the witness' previous reference to a polygraph test. The mere mention of a polygraph test in this manner did not require a mistrial, especially since adequate curative instructions were given. See *Snell v. State*, 160 Ga. App. 74 (286 SE2d 52) (1981).

5. Nave also contends that the trial court erred in not allowing a certified copy of a prior conviction of a key prosecution witness to go out with the jury during its deliberations. Review of the transcript, however, reveals that the document actually was never admitted into evidence. The appellant had recalled as his own witness Francine Lewis, who had been the State's key witness; the trial court properly disallowed impeaching this witness with the prior conviction because of the general prohibition against impeaching one's own witness with character evidence. See *Kitchens v. Hall*, 116 Ga. App. 41 (156 SE2d 920) (1967); *Lewis v. State*, 57 Ga. App. 324, 326 (195 SE 303) (1938). The certified copy was tendered to the court reporter, but it was never actually introduced and admitted into evidence. Accordingly, the trial court correctly withheld the document from the jury.

6. Nave also complains that the trial court erred in denying him the opportunity to cross-examine Francine Lewis, whom Nave recalled in order to lay a foundation for impeachment, pursuant to OCGA § 24-9-83. Although Ms. Lewis had already been called as a witness by both the prosecution and the defense, defense counsel indicated that he needed to recall her to question her about a prior statement she made to an investigator with the public defender's office. The court allowed recall of the witness but limited the inquiry to the matter of the alleged prior statement, and in fact conducted the examination. The appellant did not object to the limited questioning.

Recalling of a witness for further examination is always within the discretion of the trial court. *Money v. State*, 137 Ga. App. 779 (224 SE2d 783) (1976); *Dixon v. State*, 116 Ga. 186 (5) (42 SE 357) (1902). Under the circumstances of this case, there would have been no abuse of discretion had the trial court refused outright to recall the witness, much less the limited recall actually allowed.

7. Closing arguments concluded at approximately 3:20 p.m., after which the trial court asked the jurors whether they would prefer to be instructed and begin their deliberations that day or wait until the next day. Ten jurors voted for the former alternative; the trial court gave the instructions, and at approximately 6:46 p.m. the jury returned its verdict of guilty of violation of oath by a public officer.

Nave here contends that the trial court's giving the jury the option of attempting to conclude the case that evening or to wait until the next day constituted an intimation of his opinion as to the guilt of the appellant, under OCGA § 17-8-55. We fail to see how this action of the trial court translated into an intimation of opinion, but, in any event, this court may not now consider the matter because no objection was raised at trial. *Driggers v. State*, 244 Ga. 160 (259 SE2d 133) (1979); *Turnbow v. State*, 153 Ga. App. 479 (265 SE2d 832) (1980).

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED MAY 14, 1984 —
REHEARING DENIED JUNE 1, 1984 — 

*James Booker, Winston P. Bethel*, for appellant.
Thomas Nave, *pro se.*
*Robert E. Keller, District Attorney from the Clayton Circuit, Robert E. Wilson, District Attorney, Susan Brooks, Clifford Stitcher, Assistant District Attorneys*, for appellee.