Thomas E. NAVE, Petitioner–Appellee,

v.

J.E. HELMS, Jr., District Director,
Respondent–Appellant.

No. 87–8298.

United States Court of Appeals,
Eleventh Circuit.

May 23, 1988.

William B. Hill, Jr., Susan V. Boleyn, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellant.

Thomas E. Nave, Decatur, Ga., pro se.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and PECK *, Senior Circuit Judge.

PER CURIAM:

After a mistrial and a subsequent reindictment, Thomas E. Nave, a former De-Kalb County Assistant District Attorney, was convicted in a Georgia state court of violating his oath as a public officer. The district court granted Nave's motion for writ of habeas corpus concluding that he was provided with inadequate notice of the specific crime for which he was convicted, and that his retrial amounted to double jeopardy. We reverse.

This case hinges upon the factual setting which resulted in the mistrial and subsequent reindictment and retrial of defendant Nave on three counts of bribery and one count of violating his oath as a public officer. In September, 1982, Nave was charged with three counts of bribery and one count of violating his oath as a public officer (VOPO). The indictment alleged that while Nave was acting as an Assistant District Attorney for DeKalb County he accepted $2,200 from a young woman in exchange for a promise to influence the disposition of charges pending against her. At the first trial, which resulted in a hung

* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

jury, the trial judge merged all four counts, and instructed the jury only on the crime of bribery. Specifically, the court noted that the VOPO count was "embraced within what is now the first count." Whereupon the following exchange took place:

MR. LEIPOLD [Counsel for defendant]: So Count IV is stricken and will not be read to the jury or submitted to the jury?

THE COURT: I will not submit it to the jury.

MR. LEIPOLD: Thank you, Your Honor.

MR. STICHER [Counsel for the State]: It's the Court's ruling that Count IV merges into the element of bribery?

THE COURT: The proof is the same. You had to prove that he occupied the office of the assistant district attorney and to prove that he occupied the office you have to show that he took an oath. So it's all one and the same.

After the jury was unable to reach a verdict, the court, with defendant's consent, declared a mistrial. Defendant then filed a plea of former jeopardy that was denied by the trial court and affirmed on appeal. *Nave v. State,* 166 Ga.App. 466, 304 S.E.2d 491 (1983) (also indicates cert. denied).

Defendant Nave was subsequently reindicted. At the beginning of the retrial, the trial judge stated to the jurors that

the defendant stands charged with one offense. That is the offense of bribery.... So while you will hear about the four counts in the indictment, there are no longer four counts. By my direction there is only one count and that is the count of bribery.

At the conclusion of the trial, however, the judge, over Nave's objections, instructed the jury that violating the oath of public officer was a lessor included offense of bribery. Thereupon, the jury acquitted Nave of bribery but convicted him of violating his oath as a public officer. Nave's conviction was affirmed on appeal. *Nave v. State,* 171 Ga.App. 165, 318 S.E.2d 753 (1984) (also indicates cert. denied).

■ Regardless of the charge of a criminal indictment, the defendant is generally subject to conviction under that charge or any lesser included offense. O.C.G.A. § 16–1–6.[1] In this case, proof of the alleged bribery as a factual matter would include the facts necessary to establish a violation of oath and thus the latter is embraced within the charge of bribery and constitutes a lesser included offense of that crime. *See* O.C.G.A. § 16–10–1, 16–10–2; *see also Haynes v. State,* 249 Ga. 119, 288 S.E.2d 185 (1982) (lesser included offense determined by proof necessary to establish commission of each crime); *State v. Estevez,* 232 Ga. 316, 206 S.E.2d 475 (1974) (same). The Georgia Supreme Court has concluded that the "law puts a defendant on notice that he 'may be convicted of a crime included in a crime charged in the indictment or accusation' and it defines included crimes." *McCrary v. State,* 252 Ga. 521, 314 S.E.2d 662, 665 (1984) (citing O.C.G.A. § 16–1–6).

The district court's statement that "there is only one count" would not be inconsistent with that principle of law. Nave cannot, therefore, claim to have been unaware that he might be convicted of violating his oath as a public officer simply because the trial court merged the charges into one count of bribery. The Georgia Court of Appeals specifically concluded that

While the trial court did reverse the procedure somewhat, by ordering merger of the bribery and violation of oath counts at the trial's inception but charging the jury that it could convict the appellant of either bribery or violation of oath (OCGA

---

1. **16–1–6. Conviction for lesser included offenses.**

An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when:

(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or

(2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission. (Code 1933, § 26–505, enacted by Ga.L.1968, p. 1249, § 1).

§ 16–1–7 allows prosecution but not conviction for both an offense and its lesser included offense), the end result was proper. In short, the trial court insured that the appellant was not improperly subjected to multiple convictions for the same conduct.

*Nave v. State*, 171 Ga.App. at 166, 318 S.E.2d at 755. The district court, therefore, erred in granting defendant a writ of habeas corpus on the ground that Nave did not receive adequate notice of the crime for which he was convicted.

■ The second ground upon which the district court granted federal habeas corpus relief was its related conclusion that since the first trial court only submitted the bribery count to the jury, it had dismissed the violation of oath charges and the Double Jeopardy Clause of the Fifth Amendment prohibited submission of that issue to the second jury because it amounted to putting the defendant at risk on a count previously dismissed. The trial court, however, never dismissed the lesser included offense, it merely agreed not to submit it to the first jury as a separate count. Therefore, under Georgia law, Nave was at risk, both in his first and second trials, of being convicted of violating his oath as a public officer, a lesser included offense of the bribery count.

REVERSED.