Steven M. ASHERMAN

v.

Lawrence MEACHUM, Commissioner of Correction.

Civ. No. H–88–579 (JAC).

United States District Court, D. Connecticut.

May 1, 1990.

William J. Tracy, Furey, Donovan, Eddy, Kocsis, Tracy & Daly, Bristol, Conn., for petitioner.

Susan E. Gill, Asst. State's Atty., Wallingford, Conn., for respondent.

## RULING ON OBJECTIONS TO MAGISTRATE'S RECOMMENDED RULING ON A PETITION FOR A WRIT OF HABEAS CORPUS

JOSÉ A. CABRANES, District Judge:

On October 31, 1978, petitioner was indicted, under C.G.S. § 53a–54a(a),[1] for the murder of Michael Aranow. After a twenty-six day trial and a week of deliberation, on August 13, 1979, the jury acquitted petitioner of murder under C.G.S. § 53a–54a(a) and convicted him of manslaughter in the first degree under C.G.S. § 53a–55(a)(2).[2] As recounted by the Con-

---

1. C.G.S. § 53a–54a(a) provides in pertinent part, "[a] person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person...."

2. C.G.S. § 53a–55(a)(2) provides, in pertinent part, that "a person is guilty of manslaughter in the first degree when ... with intent to cause death of another person, he causes the death of such person ... under circumstances which do not constitute murder because he committed the

necticut Supreme Court, the jury could reasonably have found that "some unexplained emotion or circumstance, induced perhaps by a mind-altering drug, led the defendant to slay the victim brutally by stabbing him with a knife over 100 times in the face, back, buttocks and left leg, and slashing his throat." *State v. Asherman,* 193 Conn. 695, 698, 478 A.2d 227, 233 (1984), *cert. denied,* 470 U.S. 1050, 105 S.Ct. 1749, 84 L.Ed.2d 814 (1985). On April 29, 1980, petitioner was sentenced to a total effective term of seven to fourteen years. His conviction was affirmed on appeal. *Id; see also State v. Asherman,* 180 Conn. 141, 429 A.2d 810 (1980) (dismissing petitioner's appeal of trial court's denial of his motion for a new trial and arrest of judgment).

On April 20, 1982, petitioner filed a petition for a writ of habeas corpus in the Superior Court in Litchfield; by amended petition, filed February 1, 1985, he alleged discovery of new evidence and juror misconduct at his trial. *Asherman v. State,* Dkt. No. 35503. On May 28, 1985, the Superior Court entered judgment for the state, and the Supreme Court subsequently affirmed that judgment. *See Asherman v. State,* 202 Conn. 429, 521 A.2d 578 (1987); *see also Asherman v. Meachum,* 213 Conn. 38, 566 A.2d 663 (1989) (reversing lower court's grant of writ of habeas corpus upon petitioner's transfer from home release program to state correctional institution).

Steven Asherman's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,[3] filed in this court on August 24, 1988, was referred to United States Magistrate Joan Glazer Margolis on January 18, 1989 for a recommended decision on the petition and on any other motions that may be filed in this case. On February 24, 1989, petitioner filed a motion for summary judgment, and a cross-motion by respondent was filed on May 8, 1989. On June 9, 1989, petitioner was granted leave to amend his petition to delete three of the four grounds originally raised. In particular, Asherman chose not to pursue his claims of juror misconduct, the denial of his right to cross examine witnesses, and an improper jury instruction as to the element of intent. Whereas success on one or more of these claims would have resulted in a new trial, Mr. Asherman's counsel explained at oral argument before Magistrate Margolis that petitioner was "seeking only the relief of granting the petition with the direction to dismiss the case," not "any relief that would grant Mr. Asherman a new trial." *See* Transcript Excerpt (filed Apr. 20, 1990) at 3.

The sole remaining claim in petitioner's amended petition alleges that his federal due process rights were violated in the application to his case of Connecticut's manslaughter statute, C.G.S. § 53a–55(a)(2). Petitioner argues, first, that he had no adequate notice prior to trial that manslaughter in the first degree "while under extreme emotional disturbance," as defined in that statute, is a lesser included offense of murder under C.G.S. § 53a–54a(a), and second, that the evidence of extreme emotional disturbance on the record is insufficient to support either giving a jury instruction or convicting petitioner for this species of manslaughter.

On January 5, 1990, oral argument on the cross-motions for summary judgment was held before Magistrate Margolis, and on January 26, 1990, the magistrate entered a Recommended Ruling on Cross–Motions for Summary Judgment ("Recommended Ruling") denying petitioner's motion for summary judgment and granting respondent's cross-motion for summary judgment.

Pursuant to 28 U.S.C. § 636(b), Fed.R. Civ.Pro. 6(a), 6(c) and 72, and Rule 2 of the Local Rules for the United States Magistrates (D.Conn.), petitioner filed his Objections to Recommended Ruling on February

---

prescribed act or acts under the influence of extreme emotional disturbance...."

**3.** 28 U.S.C. § 2254(a) provides, in pertinent part, that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

8, 1990. Respondent filed his Limited Objections to Magistrate's Recommended Ruling ("Limited Objections") on February 7, 1990, concurring in the magistrate's disposition of the case but arguing that one aspect of petitioner's remaining claim had not been asserted in Connecticut's trial or appellate courts and that the magistrate did not accord appropriate deference to the manner in which the evidence presented at trial was recounted by the state appellate court.

*Petitioner's Objections*

### A. Notice

Petitioner reasserts his argument that his constitutional rights were violated by the trial court's instructing the jury, over petitioner's objections, that, if they acquitted petitioner of murder, they could proceed to consider whether he was guilty of manslaughter in the first degree while under extreme emotional disturbance.

■ There is nothing inherently improper about giving a lesser included offense charge over a defendant's objection. *See United States v. Harary*, 457 F.2d 471, 478 (2d Cir.1972) (prosecution can go to the jury, over defendant's objection, with a lesser included offense where the element distinguishing the greater and lesser offenses is disputed); *United States v. Singleton*, 447 F.Supp. 852 (S.D.N.Y.1978) (Pollack, J.) (if appropriate, government is entitled to a lesser included offense charge over defendant's objections); *Mildwoff v. Cunningham*, 432 F.Supp. 814 (S.D.N.Y. 1977) (Tenney, J.) (petition for habeas corpus denied where petitioner was convicted on a lesser included offense charge given over his objection); *Fransaw v. Lynaugh*, 810 F.2d 518 (5th Cir.), *cert. denied*, 483 U.S. 1008, 107 S.Ct. 3237, 97 L.Ed.2d 742 (1987) (lesser included offense charge can be given at request of government over objection of defendant); *United States v. Stolarz*, 550 F.2d 488, 493 (9th Cir.), *cert. denied* 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977) (same; *cf. Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844, 847 (1973) (lesser included offense doctrine "developed at common law to assist the prosecution");

Note, *Criminal Procedure—Recognizing the Jury's Province to Consider the Lesser Included Offense*, 58 Or.L.Rev. 572, 577 (1980) (purpose of lesser offense doctrine is to "[e]nable the jury to correlate more closely the criminal conviction with the act committed").

■ However, where the court, at the prosecution's request and over the objection of defendant, instructs the jury as to a lesser included offense not charged in the indictment, care must be taken not to jeopardize defendant's constitutional right to notice of the charges against him. *See Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). In a state prosecution, an indictment for a particular crime constitutes sufficient notice that the lesser offenses included within the specified crime under the applicable state law may also be charged, unless the defendant at the time of trial did not have sufficient notice that the lesser offense constituted a lesser included offense of the charged offense under the relevant state law. *See Mildwoff v. Cunningham, supra*, 432 F.Supp. at 820 (where forcible sexual abuse was a lesser included offense of forcible rape under New York law at the time of trial, defendant had sufficient notice of the charge, and writ of habeas corpus would be denied); *Franklin v. White*, 803 F.2d 416 (8th Cir.1986), *cert. denied*, 481 U.S. 1020, 107 S.Ct. 1904, 95 L.Ed.2d 510 (1987) (where first-degree felony murder was a lesser included offense of capital murder under Missouri law at the time of trial, defendant had sufficient notice of the charge, and writ of habeas corpus would be denied); *Fransaw v. Lynaugh, supra*, 810 F.2d 518 (where voluntary manslaughter was a lesser included offense of murder under Texas law at the time of trial, defendant had sufficient notice of the charge, and writ of habeas corpus would be denied); *Nave v. Helms*, 845 F.2d 963 (11th Cir.1988) (where violation of oath by public officer was a lesser included offense of bribery under Georgia law at the time of trial, defendant had sufficient notice of the charge, and writ of habeas corpus would be denied); *cf. Gray v. Raines*, 662 F.2d 569

(9th Cir.1981) (where statutory rape was not a lesser included offense of first degree rape under Arizona law at the time of trial, defendant did not have sufficient notice of the charge, and writ of habeas corpus would be granted).

An examination of the Connecticut statutory and decisional law at the time of trial in the instant case shows that defendant was on notice that the charge for which he was convicted is a lesser included offense of the charge for which he was indicted. In particular, C.G.S. § 53a–45(c) explicitly provides that, "[t]he court or jury before which any person indicted for murder ... is tried may find him guilty of homicide in lesser degree than that charged." It is true that in contexts which did not implicate C.G.S. § 53a–45(c), Connecticut courts, at the time of petitioner's trial, applied the "strict" definition of lesser included offense—that is, an offense is a lesser included offense of another only if all of its elements are a subset of the elements of the greater offense. *See State v. Brown*, 163 Conn. 52, 301 A.2d 547 (1972). In fact, in *State v. Troynack*, 174 Conn. 89, 384 A.2d 326 (1977), the Connecticut Supreme Court held that a lesser degree of manslaughter is not a lesser included offense of a greater degree of manslaughter because the state of mind required for the lesser offense is not an element of the greater offense. This holding has since been effectively overruled by *State v. Rodriguez*, 180 Conn. 382, 398–400, 429 A.2d 919, 926–27 (1980) (degrees of homicide involving a less culpable state of mind are lesser included offenses of murder under Connecticut law). *See also State v. Ruiz*, 171 Conn. 264, 368 A.2d 222 (1976) (reckless assault is not a lesser included offense of intentional assault because the state of mind required for lesser offense is not an element of the greater) (effectively overruled in part by *State v. Rodriguez, supra,* 180 Conn. at 398–400, 429 A.2d at 926–27).

However, although the degrees of homicides under Connecticut's statutory scheme all differ from one another in that "the

state of mind required for the greater is more culpable than the state of mind required for the lesser," *State v. Rodriguez, supra,* 180 Conn. at 403, 429 A.2d at 929, it is clear that C.G.S. § 53a–45(c) has, at all relevant times, been a statutory exception to this strict approach to the lesser included offense doctrine. Lesser degree homicides constituted lesser included offenses of murder even prior to the enactment in 1969 of C.G.S. § 53a–45(c), under its predecessor, C.G.S. § 53–9 (Rev. to 1958).[4] In fact, "[o]n a trial on an indictment for murder, it was felt desirable, as far back as 1830, to make sure that the petit jury, in accordance with the common-law rule, could return a verdict of guilty of manslaughter if the proof warranted even though only murder would have been charged in the indictment." *McBrien v. Warden*, 153 Conn. 320, 329, 216 A.2d 432, 435 (1966); *see also State v. Johnson*, 139 Conn. 89, 90 A.2d 905 (1952) (the court may give a manslaughter charge where defendant was indicted on murder); *State v. Tomassi*, 137 Conn. 113, 75 A.2d 67 (1950) (the jury may find defendant indicted for murder guilty of a homicide of a lesser degree). Therefore, when indicted for murder, any defendant could anticipate a conviction for one of the lesser degrees of homicide. *See* Barnett, *The Lesser–Included Offense Doctrine*, 5 Conn.L.Rev. 255, 278–79 (1972) (indicating, 7 years prior to petitioner's trial, that manslaughter in the first degree while under extreme emotional distress constitutes a lesser included offense of murder under Connecticut law); *cf.* Lager & Schuman, *Connecticut's Lesser Included Offense Doctrine*, 55 Conn. B.J. 207, 211–13 (1981) (concluding that lesser degree homicides are, by statute, lesser included offenses of murder under Connecticut law but questioning whether lesser degree manslaughter is lesser included offense of higher degree manslaughter). *But see* Note, *Lesser Offense in Connecticut: A Critical Analysis*, 3 Bridgeport L.Rev. 105, 129 (1981) ("*State v. Rodriguez* [holding] represents a signifi-

**4.** C.G.S. § 53–9 provided, in pertinent part, that "the jury before which any person indicted for

murder is tried may find him guilty of homicide in a less degree than that charged."

cant change in Connecticut's approach to the lesser offense doctrine").

Moreover, in the Connecticut Penal Code, modeled upon the New York Penal Code, *see State v. Asherman, supra,* 193 Conn. at 732, 478 A.2d at 249 n. 12, the grouping of the related offenses, including the different degrees of homicide, within a statutory scheme provides notice that a crime requiring a less culpable state of mind is a lesser included offense of one requiring a more culpable state of mind. *See* Blair, *Constitutional Limitations on the Lesser Included Offense Doctrine,* 21 Am.Crim.L. Rev. 445, 453 (1984). As explained by Justice Parskey, "[i]n enacting this manslaughter statute [C.G.S. § 53a–45(c)] the legislature intended to allow the finder of fact the discretionary power to mitigate the penalty of murder when presented with a situation which, under the circumstances, appears to them to have caused an understandable weakness in one of their fellows. The fact that the defendant may rely on the mitigating circumstance as an affirmative defense to murder does not mean that by his contrary election he may also circumscribe the homicide offenses which the jury may consider." *State v. Asherman, supra,* 193 Conn. at 732, 478 A.2d at 249–250 (citation omitted).

In view of the plain language of C.G.S. § 53a–45(c), and the jurisprudence of Connecticut's highest court at the time of petitioner's indictment, trial, and conviction, petitioner had constitutionally sufficient notice that he could be expected to defend against a charge of manslaughter in the first degree while under extreme emotional distress.

### B. Sufficiency of Evidence

■ Petitioner also argues that the evidence of extreme emotional disturbance on the record is insufficient to support either the jury instruction on manslaughter in the first degree while under extreme emotional disturbance or the conviction for that offense. To determine whether a sufficient evidentiary basis existed on the record to justify a lesser included offense charge, a reviewing court must determine whether

there was "some evidence, introduced by either the state or the defendant, or by combination of their proofs, which justifies conviction of the lesser offense." *State v. Whistnant,* 179 Conn. 576, 588, 427 A.2d 414, 420 (1980). The court must then determine whether, "a jury, reasonably reviewing the evidence at trial," could have found that the defendant had committed the offense for which he was convicted. *See Rice v. Hoke,* 846 F.2d 160, 166 (2d Cir. 1988).

■ I find that the evidence on the record is ample to satisfy both of these requirements. The jury heard evidence that the victim had been stabbed over 100 times, that numerous wounds had been inflicted after his death, and that the next morning persons who had never met petitioner came to the conclusion that he was clearly under the influence of drugs or alcohol. *See State v. Asherman, supra,* 193 Conn. at 732–33, 478 A.2d at 250 (1984). This evidence is sufficient to support the propriety of charging the jury as to manslaughter in the first degree while under extreme emotional distress.

The evidence upon which a rational jury could have relied to find that the petitioner had committed the homicide includes the testimony that the bite mark on decedent's shoulder had been inflicted by defendant's teeth "to a reasonable degree of dental certainty"; that petitioner's jeans were stained with blood; and that a wide-ranging search of the surrounding area failed to yield any evidence to support petitioner's version of events. *See State v. Asherman, supra,* 193 Conn. at 697–704, 478 A.2d at 233–36. I fully agree with the careful and thorough decision of the Connecticut Supreme Court which, upon reviewing the gruesome facts of this case, *see id.,* found that the evidence adduced at trial, when viewed in the light most favorable to the state, *see Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Reddy v. Coombe,* 846 F.2d 866, 869 (2d Cir.), *cert. denied,* 488 U.S. 929, 109 S.Ct. 316, 102 L.Ed.2d 334 (1988), was sufficient to support the conviction of manslaughter in the first degree while under extreme emotional distress.

*Respondent's Objections*

### A. Exhaustion of State Remedies

 Respondent argues that petitioner's claim that he had insufficient notice that he may have to defend against a charge of manslaughter in the first degree while under extreme emotional distress had not been asserted in Connecticut's trial or appellate courts, and, therefore, should not be considered by this court. It is true, as noted by the magistrate, *see* Recommended Ruling at 12–13, that petitioner's state appellate brief did not discuss the issue of notice in detail but clearly argued that petitioner's constitutional due process rights were violated by the lesser included offense charge. In support of this argument he cited federal cases that dealt with the issue of notice in the context of the lesser included offense doctrine. *See* Petitioner's Brief on Appeal, Supreme Court of Connecticut, *State v. Asherman*, Dkt. 10160 (filed Apr. 29, 1982) at 34–44; *State v. Asherman, supra,* 193 Conn. at 729–33, 478 A.2d at 248–50 (addressing petitioner's argument that the lesser included offense instruction violated his constitutional rights). The record thus shows that the petitioner asserted his notice claim in terms sufficiently particular as to call to mind a specific right protected by the Constitution and, therefore, that this claim was fairly presented to the state courts. *See Daye v. Attorney Gen. of New York,* 696 F.2d 186 (2d Cir.1982) (*en banc*).

Accordingly, I find that petitioner exhausted his state remedies with respect to the due process claims asserted in this petition.

### B. Deference to State Appellate Courts

Respondent also argues that the magistrate did not accord appropriate deference to "[t]he manner in which the evidence presented at trial was recounted by the state appellate court." Limited Objections at 6. This objection does not appear particularly relevant to any issues directly raised by petitioner's petition. The magistrate's statement that it is the evidence adduced at trial that governs this court's determination of the sufficiency of the evidence challenged by petitioner's claim of insufficiency of evidence is surely a correct statement of law. *See Jackson v. Virginia, supra,* 443 U.S. at 324, 99 S.Ct. at 2791, 61 L.Ed.2d at 576 (sufficiency of evidence determined by looking at "evidence adduced at the trial"). Respondent's objections in this respect are especially anomalous here, where the magistrate's conclusions fully support respondent's side of the argument. In any case, this *de novo* review of the magistrate's Recommended Ruling makes this particular objection moot.

### Conclusion

Upon a review of the record, including of course the objections of both parties, and for the reasons stated above, Petitioner's Objections to Recommended Ruling (filed Feb. 8, 1990) and Respondent's Limited Objections to Magistrate's Recommended Ruling (filed Feb. 7, 1990) are OVERRULED. Petitioner's Amended Petition for a Writ of Habeas Corpus (filed June 29, 1989) is DENIED.

It is so ordered.